CITY OF TULSA, a Municipal Corporation, and Henry Kolbus and all other taxpayers similarly situated, Plaintiffs in Error,

v.

BOARD OF TRUSTEES OF the POLICE PENSION AND RETIREMENT SYSTEM OF the CITY OF TULSA, Oklahoma, Defendant in Error.

No. 39378.

Supreme Court of Oklahoma.

Nov. 26, 1963.

Charles E. Norman, Atty. for City of Tulsa, James R. Head, pro se, Tulsa, for plaintiffs in error.

Roehm A. West, Jr., Tulsa, for Paul J. Livingston, amicus curiae.

BLACKBIRD, Chief Justice.

This case involves a Police Pension applied for by Paul J. Livingston, former Chief of Tulsa Police, on January 27, 1958, less than a month after his discharge from that position, on account of "conduct unbecoming an officer", and after the United States Circuit Court of Appeals had, three weeks before, affirmed his conviction, subsequent to his indictment, with others, by a Federal Grand Jury, on February 21, 1957, upon charges of conspiring to violate the federal law concerning importation of intoxicating liquor into this State. (18 U.S.C.A. § 1262). These and other facts concerning the end of Mr. Livingston's active career as a part of the Tulsa Police Department appear in State ex rel. Livingston v. Maxwell, Okl., 353 P.2d 690.

When, while the cited appeal was pending, Livingston's pension application was heard before the Board of Trustees of the Pension And Retirement System of Tulsa's Police Department, on November 30, 1959, it was opposed by the City of Tulsa, represented by the City Attorney, Mr. N. Also appearing was another attorney, Mr. K. After it had been stipulated, with other facts, at said hearing, that Livingston had commenced his service with the Tulsa Police Department in 1935, the Board of Trustees (hereinafter referred to merely as the "Board"), concluded, at the close of the hearing, that the question presented was " * * * whether a police officer who has earned a pension by twenty years of meritorious service, and who continues to work on past his retirement time, forfeits his right to a police pension for non-meritorious conduct done after his pension is earned." After expressions on this, and other matters not necessary to mention, the Board granted Livingston a Police Pension based upon his service prior to March 1, 1956.

Thereafter, the aforementioned Mr. K (for himself " * * * and all other tax payers similarly situated") and the City of Tulsa, pursuant to specific authorization by the Mayor and Board Of Commissioners, filed a petition in error in the District Court, alleging error in the Board's decision on several grounds, and praying that said decision be reviewed and vacated. Before said purported appeal had been considered on its merits, the attorney, who had represented Livingston before the Board, obtained permission from the court to appear

before it as "amicus curiae" and file a motion to dismiss the purported appeal. After such motion had been filed, and briefs for, and against, it submitted, the District Court (hereinafter sometimes referred to as the "trial court") sustained it, and entered judgment dismissing the action upon two grounds. As the record before us does not contain facts sufficient to enable us to pass on the ground concerning Mr. K, we mention only the first one, which was:

"1. The City of Tulsa is not a proper party appellant by reason of the fact that it appears to the court that the appeal herein amounts to an appeal by the Board of Trustees of the Police Pension and Retirement System of the City of Tulsa, Oklahoma, from its own ruling. * * *

* * *."

Thereafter the City of Tulsa and Mr. K filed in this court their petition in error, with casemade attached, praying reversal of the trial court's judgment of dismissal. Thereafter, Mr. K died, and a Mr. H was substituted for him as plaintiff in error. (He and the City will hereinafter be referred to as "appellants"). Subsequently Paul J. Livingston filed a special appearance and objection to this court's jurisdiction in the matter. We overruled said objection without prejudice to his re-asserting same upon our present consideration of the merits of the attempted appeal. As he is the party having a pecuniary interest in an affirmance of the trial court's judgment, he will hereinafter be referred to as "appellee".

In support of the City's right to maintain an appeal from the Board's decision granting Livingston the pension, appellants point to the monetary interest the City has in such decisions, because a part of its revenue has been appropriated to the Tulsa Pension Retirement System, as authorized by Tit. 11 O.S.1961 § 541h, and these monies, supplemented by contributions from the Tulsa policemen, as authorized by sec. 541i of the same Title, make up the fund out of which such pensions are paid. The appellee does not deny these representations, nor does he dispute appellants' claim that the City has a pecuniary, and real, interest in seeing that pensions—not authorized by law—are not paid out of said fund, to the end that it will not be unlawfully depleted and eventually bankrupted.

Appellee's position that the City lacks the right of appeal is expressed in four arguments under his "Proposition No. 2". In one of these he takes the position (apparently sustained by the trial court) that since, under the Police Pension And Retirement Law (particularly section 541b of Tit. 11, supra) the Clerk and Treasurer of the City are both members of the Board, it should represent the City's view, and an appeal by the City from a decision of said Board granting a Police Pension would, in effect, be an appeal by the City from its own decision. There is no merit in this contention: The two city officials' membership on the five-member Board is not due to any voluntary selection by the City, or any agent thereof, but is due solely to operation of the cited Law (sec. 541b, supra). Assuming, without deciding, that these two men sit on the Board in their capacity as City Officials, or as agents of the City, they comprise a minority of said Board. Section 541d of Title 11, supra, makes the vote of the majority of the Board's members controlling in the disbursal of the System's money. With the majority thus able to override the minority's opinions, there would be no way for the City to successfully oppose payment of a pension—even if the Clerk and Treasurer did speak for it in the matter—unless it had a way of appeal from the majority's decision.

■ Appellee next contends that the Board's decision granting the pension was the exercise of an administrative, or ministerial, function, and for that reason, was not subject to appeal. We do not agree. While in some jurisdictions, as in some matters in this jurisdiction, the actions of such boards are undoubtedly ministerial, we think that, in the present subject matter, the decision of the Board shows upon its

face that, by it, members of the Board were expressing their opinion of the applicability, or inapplicability, of Oklahoma Statutes to the applicant's rendering of twenty years' meritorious service before committing acts "unbecoming an officer." In rendering such a decision, the Board could be acting in nothing less than a quasi-judicial capacity. The Board's Pension and Retirement Law itself, in effect, recognizes the judicial nature of such decisions by specifically providing (in sec. 541v, Tit. 11, supra) for court appeals from those denying such pensions.

It is appellee's further position that since sec. 541v specifically mentions only appeals from such denials by "Any policemen, widow or dependent of any policeman * * *", such parties are the only ones, under said law, who may lodge an appeal to either the District Court or to this Court. In effect, appellee urges our application to said section, of the familiar axiom supporting a conclusion that the mention of those individuals, as having the right of appeal, excludes all others, including the City, from such right. The appellants, on the other hand, say that the City's right to appeal is preserved by the so-called "general" statute, Tit. 12 O.S.1961 § 951. Appellee counters by asserting that section 541v, being a special statute, enacted to apply to appeals in police pension matters only, should govern over the general statute, quoting from State ex rel. White for Use and Benefit of Bd. of County Com'rs of Grady County v. Beeler (Okl.) 327 P.2d 664, as follows:

"1. Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and *where the special statute covering the subject prescribes different rules and procedure from those in the general statute,* it will be held that the special statute applies to the subject matter, and that the general statute does not apply." (Emphasis ours).

The quoted rule does not apply to the situation here because sec. 541v contains no provision denying to the City (or any other party) the right to appeal from decisions of the Board granting police pensions. The most that can be said for this section is that it does not mention such appeals, and accordingly, denies them by implication— the idea upon which the "expressio unius, etc." maxim is based. However, the word "appeal", like the term "law suit", usually connotes an adversary proceeding, just as the word "controversy" in, and of itself, connotes a bilateral disagreement, as distinguished from a unilateral matter. Interpreting sec. 541v, supra, as denying to the City, who is tacitly conceded to be adversely affected by a decision of the Board granting a pension, the right to appeal from such a decision, would render said section unconstitutional, as shown by Forston v. Heisler (Okl.) 341 P.2d 252, in which this court, having examined many authorities on the subject quoted extensively from People v. Sholem, 238 Ill. 203, 87 N.E. 390, which held, among other things:

" 'Statutes giving the right of appeal should be liberally construed in furtherance of justice, and a statute which, literally construed, gives an appeal to only one party, should be construed, if possible, so as to give the same right to the other party.

" 'While the Legislature has power to regulate appeals and writs of errors, it cannot allow an appeal to one party from an adverse decision without allowing it upon equal terms to the other party.' "

And from Kearney County v. Hapeman, 102 Neb. 550, 167 N.W. 792, we quoted, inter alia, the following:

" * * * The law favors the right of appeal, and that, too, on equal terms and without discrimination as to either party. It is elementary that a statute providing otherwise would be unconstitutional. It is held generally that if a statute grants the right of appeal to one party, such statute will not be construed to be exclusive as to the other party."

Notice also the rules quoted and applied In re Benson, 178 Okl. 299, 300, 62 P.2d 962, 963, 964. Construing sec. 541v in the light of the foregoing principles and considering it in relation to Tit. 12, sec. 951, supra, on the basis thereof, and those enunciated in the second paragraph of the syllabus in the Forston Case, supra, we can only conclude that there is no conflict between these two sections, and that, under them, when thus harmonized, an order such as the one here involved may be appealed to the District Court. We further hold that the provision of sec. 541v, authorizing an appeal from that Court to this Court means that any party before said Court, who, by its judgment, is denied a right within the contemplation of said statute may appeal to this Court " * * * as provided by law * * * ". As we have already concluded that the City of Tulsa was such a party in the subject litigation, it follows that the trial court erred in the order and judgment appealed from.

Our decision here is neither contrary to, nor inconsistent with, State ex rel. Hughes v. Riggs, Okl., 313 P.2d 523, cited by Livingston. There we ordered the trial court to grant Burg Hughes a writ of mandamus because sec. 541v specifies the kind of Board order from which a policeman may lodge an appeal, namely, an order *denying* him a pension. There, the fact that said section contains language prescribing that type of order was regarded as limiting the policeman's appeal right, and thus furnishing a prerequisite for issuance of a writ of mandamus. Thus, we, in effect, applied the "expressio unius" rule, because of *affirmative* legislative expression. Here, if we were to disregard the broad bilateral connotation of the word "appeal", for language in the section that might be interpreted as restricting its meaning (in support of Livingston's position) we would, as herein demonstrated be giving the section an unequal, discriminatory and unconstitutional interpretation. In this connection, in addition to the hereinbefore cited cases, see Republic Pictures Corp. v. Kappler (U.S. C.A. 8th Cir.) 151 F.2d 543, 547, 162 A.L.R. 228, 235, and 12 Am.Jur., "Constitutional Law", sec. 543 at Note 19.

In view of the foregoing, and without expressing an opinion, (for the reason hereinbefore indicated) as to the right of the deceased Mr. K to maintain such an appeal, we hereby reverse the trial court's judgment and remand this case to said court with instructions to overrule the afore-described motion to dismiss, and proceed in a manner not inconsistent with the views expressed herein.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.