878 P.2d 1067 (1994)
In the Matter of K.L.F., an Alleged Deprived Child.
No. 82654.
Supreme Court of Oklahoma.
July 19, 1994.

ORDER
ALMA WILSON, Acting Chief Justice.
This appeal is dismissed because James L. Percival [counsel], in seeking review of a court-awarded attorney's fee, failed timely to comply with the cost requirements of Rule 1.14,[1] Rules of Appellate Procedure in Civil *1068 Cases, and thus failed to commence his appeal within thirty days of the appealable event.[2]
Counsel's attempt at avoiding the Rule 1.14 cost deposit requirements by filing an in-lieu affidavit in forma pauperis[3] was ineffective. Attached to counsel's paperwork was an affidavit[4] stating that the represented an indigent, the nominal appellant, who was without sufficient funds to pay the filing fees. The affidavit misses the mark because it is not the client but counsel who is the real party in interest on appeal.[5] Moreover, the affidavit is verified neither by the client nor by the lawyer before an officer authorized by law to administer oaths. An insufficient affidavit from the wrong affiant cannot stand as an effective substitute for the cost deposit.
The appellant-counsel neither timely paid the statutorily required $200.00 cost deposit nor placed on file, within the prescribed thirty days, the required in forma pauperis affidavit that satisfies Rule 1.14. Because the requirements for timely commencement of an appeal were not met, the lawyer's appeal is DISMISSED.
LAVENDER, V.C.J., and OPALA, KAUGER and WATT, JJ., concur;
SIMMS, J., concurs in result;
HODGES, C.J., and HARGRAVE and SUMMERS, JJ., dissent.
NOTES
[1] The pertinent terms of Rule 1.14, 12 O.S. 1991, Ch. 15, App. 2, Rules of Appellate Procedure in Civil Cases, provide:

"(a) Manner of Commencing Appeal. An appeal from a decision of the trial court shall be commenced by:
(1) Filing a petition in error ... with fourteen (14) copies with the Clerk of this Court within the time prescribed in Rule 1.11;
(2) Remitting to the Clerk of the Supreme Court the cost deposit provided by statute, or if the appellant is indigent, an affidavit in forma pauperis shall be filed concurrently with the petition in error. 20 O.S. 1991 § 15... ."
The pertinent terms of Rule 1.11, 12 O.S. 1991, Ch. 15, App. 2, Rules of Appellate Procedure in Civil Cases, provide:
"(a) Computation of Time for Commencement of Appeal. An appeal from a district court may be commenced only by filing a petition in error with thirty (30) days of the date of judgment (including final orders or decrees)... ."
* * * * * *
The pertinent terms of 20 O.S. 1991 § 15 are:
"In each case filed in the Supreme Court, and at the time of filing same, there shall be deposited with the Clerk as costs in said cause Two Hundred Dollars ($200.00) of which no rebate of any part thereof shall be made; provided, the Supreme Court may prescribe by rules the procedure for affording access to that Court, without the deposit of costs, to those indigent persons who are deemed entitled thereto." [Emphasis added.]
[2] See 12 O.S. 1993 § 990A which provides in pertinent part:

A. An appeal to the Oklahoma Supreme Court, if taken, must be commenced by filing a petition in error with the Clerk of the Oklahoma Supreme Court within thirty (30) days from the date a judgment, decree, or appealable order... . [Emphasis added.]
* * * * * *
[3] Rule 1.14 requires that if an affidavit in forma pauperis is filed concurrently with the petition in error, it "shall be in substantial compliance" with the following form:

"STATE OF OKLAHOMA
In the Supreme Court of Oklahoma: I (or we) do solemnly swear that the cause of action set forth in the petition is just, and I (or we) do further swear that by reason of my (or our) poverty, I am unable to give the security for costs.
____________________ ____________________
Date Affiant
 ____________________

[4] Counsel's affidavit states in pertinent part:

"COMES NOW, James L. Percival, attorney for the Respondent Parent in the above described action, and states as follows:
1. That I am the court appointed counsel for the Respondent in the above captioned appeal.
2. That this Defendant is indigent and has obtained court appointed counsel as a result of that indigency.
3. That said Defendant is without sufficient funds to pay the filing fee with the Supreme Court and that she respectfully requests a waiver of such fee.
 /s/ James L. Percival

[5] A lawyer who deems himself/herself aggrieved by a trial court's decision in an ancillary proceeding which sets the amount of fee for services in the case has a right to appeal that is independent of his client's will. It is the lawyer, not the client, who is the proper party appellant in that procedural setting. Tisdale v. Wheeler Bros. Grain Co., Inc., Okl., 599 P.2d 1104, 1106 (1979); see also Vickers v. Boyd, Okl., 836 P.2d 1269, 1273 (1992) (dissenting opinion by Opala, C.J.); Ogle v. Ogle, Okl., 517 P.2d 797, 799 (1973).