1998 OK 71

**Martha J. WHITEHEAD, Petitioner,**

**v.**

**TULSA PUBLIC SCHOOLS, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 89856.**

Supreme Court of Oklahoma.

July 7, 1998.

Rehearing Denied Sept. 29, 1998.

William J. Anton, Tulsa, for Petitioner.

Lucia A. Lockwood, Rosenstein, Fist & Ringold, Tulsa, for Respondents.

### MEMORANDUM OPINION

ALMA WILSON, Justice:

■ ¶ 1 The *sua sponte* jurisdictional issue we consider is: Whether the date of mailing constitutes the date of filing pursuant tó 12 O.S.Supp.1996, § 990A only when the litigant utilizes certified mail, return receipt requested, postal service provided by the United States Post Office. We conclude that the date of mailing as established by the postmark affixed by the United States Post Office constitutes the date of filing pursuant to 12 O.S.Supp.1996, § 990A(B). We hold

this review proceeding was timely commenced.

¶ 2 This is a review proceeding from an order of a three-judge panel of the Workers' Compensation Court. The twenty-day time period for commencing review was triggered by the mailing of the order to the parties on July 16, 1997.[1] On the twentieth day, August 5, 1997, petitioner deposited the petition for review in the United States mail in Tulsa, Oklahoma, as established by the postmark affixed by the United States Post Office. The petition for review was not mailed by certified, return-receipt-requested postal service. On the twenty-first day, August 6, 1997, the petition for review was received by the Office of the Clerk of the Appellate Courts as established by the file-stamp date thereon.

¶ 3 Commencement of an appellate proceeding in this Court by timely mailing was originally authorized in 12 O.S.Supp.1990, § 1004(A).[2] The following year § 1004 was repealed and the mailing provisions were included in the new § 990A(A).[3] The 1991 version of § 990A(A) did not include the last sentence in the 1990 version of § 1004(A) which read, "If there is no proof from the post office of the date of mailing, the date of receipt by the Clerk of the Supreme Court shall constitute the date of filing of the petition in error." In 1993, the mailing provisions were moved to § 990A(B) and amended 1) adding language that the date of mailing "as shown by the postmark *affixed by the post office*" constitutes the date of filing; and, 2) adding the last sentence of the 1990 version § 1004(A), above quoted, that was

---

1. Title 85 O.S.Supp.1996, § 3.6(C) provides that an action may be commenced in the Supreme Court to review an order, decision or award of the Workers' Compensation Court within twenty (20) days after a copy has been sent by the Administrator to the parties affected and the Supreme Court shall prescribe rules for the commencement. Rule 1.100 of the Oklahoma Supreme Court Rules, 12 O.S.Supp.1997, ch. 15, App., provides that a petition for review of an appealable order of the Workers' Compensation Court will be deemed filed when mailed in accordance with Rule 1.4.

2. 1990 Okla. Sess. Laws, Ch. 251, § 4, which provided in part:

... The filing of the petition in error may be accomplished either by delivery or by sending it by certified mail return receipt requested to the Clerk of the Supreme Court. The date of mailing, as shown by the postmark or other proof from the post office of the date of mailing, shall constitute the date of filing of the petition in error. If there is no proof from the post office of the date of mailing, the date of receipt by the Clerk of the Supreme Court shall constitute the date of filing of the petition in error....

3. 1991 Okla. Sess. Laws, Ch. 251, § 15.

deleted in the 1991 version.[4] A fourth version of the mailing provisions was enacted in 1994 when § 990A(B) was amended to specify that "the date of *filing or the date of* mailing, as shown by the postmark affixed by the post office or other proof from the post office of the date of mailing, shall constitute the date of filing of the petition in error."[5] The 1994 version of § 990A(B), 12 O.S.Supp. 1996, § 990A(B),[6] governs the commencement of this review proceeding.

¶ 4 The various statutory versions of the mailing requirements for commencement of an appeal begin with the authorization that "the filing of the petition in error may be accomplished either by delivery or by sending it[7] by certified mail with return receipt requested to the Clerk of the Supreme Court." We have ordered dismissal of a petition in error for failure to utilized certified mail with return receipt requested.[8] If certified mail, return receipt requested, is the only mailing service of the United States Postal Service that may be utilized to commence an appellate proceeding by mail, then the several amendments to the mailing provisions would be useless. We will not treat these several statutory changes as useless, rather we presume that every provision in the statute is intended for some useful pur-

pose.[9] Hence, we reconsider the mailing requirements of § 990A(B).

¶ 5 The purpose of the repealed § 1004(A) and the effective § 990A(B) is elimination of the travel requirement placed upon those litigants some distance away from Oklahoma City in order to commence an appellate review proceeding. The Legislature intended to provide a method to commence appellate reviews that would have evenhanded statewide application. Authorizing commencement of appeals by certified mail with return receipt requested did not achieve the evenhanded statewide application intended. This is obviously so because the Legislature continued to amend § 990A(B) to achieve its purpose. The statutory changes relate to the proof required to establish the date of mailing which include the postmark affixed by the post office to the envelope, other packaging of the petition in error (petition for review), or a receipt for certified mail.[10] Hence, we glean from the various amendments to § 990A(A) legislative intent to authorize commencement of appeals by utilizing any postal service available through the United States Post Office whereby the date of mailing may be established by proof from the post office.[11] We construe the stat-

4. 1993 Okla. Sess. Laws, Ch. 351, § 18.

5. 1994 Okla. Sess. Laws, Ch. 343, § 5.

6. Subsection B of § 990A was not changed by the most recent amendment. 1997 Okla. Sess. Laws, Ch. 102, § 7. Subsection B provides:

   B. The filing of the petition in error may be accomplished either by delivery or by certified mail with return receipt requested to the Clerk of the Supreme Court. The date of filing or the date of mailing, as shown by the postmark affixed by the post office or other proof from the post office of the date of mailing, shall constitute the date of filing of the petition in error. If there is no proof from the post office of the date of mailing, the date of receipt by the Clerk of the Supreme Court shall constitute the date of filing of the petition in error.

7. The words "by sending it" were deleted in 1994 Okla. Sess. Laws, Ch. 343, § 5.

8. By published order, this Court *sua sponte* dismissed a petition in error that was mailed by priority mail for non-compliance with the certified mail, return receipt requested, requirement in 12 O.S.Supp.1993, § 990A. *Rusk v. Indepen-*

*dent School District No. 1 of Tulsa County,* 1994 OK 128, 885 P.2d 1365.

9. *Curtis v. Board of Education of Sayre Public Schools,* 1995 OK 119, 914 P.2d 656.

10. Certified mail with return receipt requested is the commonly recognized mail that provides proof of mailing and delivery to the sender. The proof received by this Court which establishes date of mailing, hence timeliness of the filing, is the postmark affixed to certified mail, priority mail, or regular first class mail.

11. Distance may not be the only factor considered by the Legislature. It is commonly known, and this Court takes judicial notice of the fact, that in the more densely populated areas of the state, the United States Postal Service offers extended hours. The public in Oklahoma City has 24–hour access to U.S. postal service seven days a week so that a litigant could mail a petition in error (petition for review) by return-receipt-requested mail as late as a few minutes before midnight and secure a postmark thereon. The public in our rural areas do not have round-the-clock access to U.S. postal service.

ute accordingly so that litigants all over the state [12] can meet the statutory jurisdictional prerequisite [13] for commencing an appeal—the filing of the petition in error (petition for review)—by mailing the petition in error within the statutory time limit and litigants all over the state can prove the timeliness of the mailing by the postmark or other proof from the post office. *Rusk v. Independent School District No. 1 of Tulsa County,* 1994 OK 128, 885 P.2d 1365, is overruled. This review proceeding may proceed.

KAUGER, C.J., HODGES, LAVENDER, OPALA and ALMA WILSON, JJ., concur.

SUMMERS, V.C.J., SIMMS, HARGRAVE and WATT, JJ., dissent.

WATT, J., with whom SUMMERS, V.C.J., SIMMS, and HARGRAVE, JJ., join, dissenting.

I must recede from the Court's pronouncement today that the subject appeal was timely filed. Clearly, until today extant jurisprudence and the clear language of 12 O.S.Supp. 1996, § 990A would have dictated the dismissal of this appeal as untimely. Today's decision creates yet another loophole and another exception to a statute which is clear on its face and has stood the test of time in the appellate process. Under today's ruling and the facts of this case, twenty (20) days does not equal twenty (20) days anymore. It can now mean twenty-one (21) days and the Court's order today effectively legislates an amendment to an otherwise unambiguous statute and appears to do away completely with the certified mail requirements which presently exist in the statute.

The Court, by its *sua sponte* consideration of this most important jurisdictional issue, attempts to solve a problem which does not exist. If there is a problem at all it is the fact that practitioners procrastinate and wait until the eleventh hour when the statutory time requirements could easily be met by timely attention to appellate matters. If indeed, this "problem" existed, it is one for the legislature to resolve and not this Court. For the foregoing reasons, I must respectfully dissent.

SUMMERS, V.C.J., dissenting, joined by SIMMS, HARGRAVE, and WATT, JJ.

¶ 1 To qualify for the "mailing rule" the Legislature has written into law the requirement of sending the petition "by certified mail return receipt requested". 12 O.S.1997 Supp. § 990A(B). The amendments referred in the opinion in no way confuse or lessen that requirement. Where the language of a statute is clear and unambiguous, and does not appear to be facially unconstitutional, I would give effect to its words as written.

---

12. This Court has a duty to construe statutory language so that it will be free from discriminatory effect. *Neumann v. Oklahoma Tax Commission,* 1979 OK 64, 596 P.2d 530. Statutes concerning the right to appeal will be construed to extend to all parties evenhandedly. *City of Tulsa v. Board of Trustees of Police Pension and Retirement System of City of Tulsa,* 1963 OK 267, 387 P.2d 255.

13. 12 O.S.Supp.1996, § 990A(E) provides "Except for the filing of a petition in error as provided herein, all steps in perfecting an appeal are not jurisdictional."