2001 OK CIV APP 128

**AP–PRESCOTT ONE TEN LP,**
**Plaintiff/Appellant,**

v.

**Cheryl CLAY, Tulsa County Assessor, and the County Board of Equalization of Tulsa County, Defendants/Appellees.**

**No. 95,149.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 6, 2001.

Certiorari Denied Sept. 25, 2001.

Arthur F. Hoge, III, R. Kraig May, Oklahoma City, OK, for Plaintiff/Appellant.

Dick A. Blakely, Linda K. Greaves, Tulsa, OK, for Defendant/Appellee.

OPINION

GARRETT, Judge:

¶ 1 This action involves the assessed value and ad valorem tax on Appellant's real property in Tulsa.[1] Appellant seeks review and reversal of the trial court's order dismissing its appeal of the County Assessor's assessed value of this property.

¶ 2 In 1998, the fair cash market value of this tract [and improvements] was determined to be $20,100,000.00 by the Assessor. The assessed value and the ad valorem tax was based on that market value. Late in the year, 1998, this property was sold for $28,550,000.00. In 1999, the Assessor determined its fair cash market value to be equal to the sale price, $28,550,000.00.

¶ 3 Appellant, AP Prescott One Ten LP, the new owner, claimed that economic conditions had substantially changed with the result that the value, as so determined, was excessively high. Appellant appealed to the County Board of Equalization of Tulsa County. The Board sustained the Assessor's valuation. The 1999 assessed value and ad valorem tax was based on the new market value. Appellant appealed to district court.

¶ 4 On November 12, 1999, the Appellees filed a Motion for Summary Judgment in the district court based on its contentions on the merits of the case. Appellant responded. Neither party mentioned the issue which is presented in this appeal. The trial court has not ruled on the motion for summary judgment on the merits.

¶ 5 On November 29, 1999, Appellant timely paid the first one-half of the tax. At that time, Appellant apparently did not give notice to the County Treasurer that the appeal

---

1. This realty is a multi-story office building and the land where it is located.

was pending and that all or some of the tax paid was paid under protest.

¶6 On January 13, 2000, the Appellees filed a Supplemental Motion to Dismiss or for Summary Judgment. Appellant responded. Appellees contended that the issues had become moot because the first half of the ad valorem tax for 1999 as assessed had been paid without a notice of pending appeal being served on the County Treasurer, and without that portion of the tax being paid under protest. Appellees relied on "Okla. Stat. tit 68, § 2884 A and B", and contend the statute requires the notice and requires the tax to be paid under protest. Appellant responded and contends that it followed the statute and complied with its requirements. The trial court agreed with Appellees. Appellant filed this appeal. We agree with Appellant and reverse.

¶7 The record shows that the second one-half of the tax was timely paid with notice of protest to the County Treasurer in accordance with § 2884. Appellees contended that since no protest had been made and the County Treasurer was not notified when the first one-half of the tax was paid, the tax paid was subject to being apportioned and disbursed as provided by law. The district court sustained Appellees' motion to dismiss and found it did not have jurisdiction. Specifically, the court said: "... even if the taxes are paid in two equal installments and the amount protested does not exceed fifty percent (50%) of the amount paid, the taxpayer is still required to give notice of protest to the county treasurer when the taxes are paid or by December 31, whichever is earlier....". The court found the provisions of § 2884 are jurisdictional and reached no other issues raised by the parties.

¶8 *68 O.S. Supp.1998 § 2884* was last amended by the 1998 Legislature. The amended version became effective November 1, 1998. As pertinent here, § 2884 provides:

A. The full amount of the taxes assessed against the property of any taxpayer who has appealed from a decision affecting the value or taxable status of such property as provided by law shall be paid at the time and in the manner provided by law. If at the time such taxes or any part thereof become delinquent and any such appeal is pending, it shall abate and be dismissed upon a showing that the taxes have not been paid.

B. When such taxes are paid, or by December 31, whichever is earlier, the persons protesting the taxes shall give notice to the county treasurer that an appeal involving such taxes has been taken and is pending, and shall set forth the total amount of tax that has been paid under protest or required by law to be paid prior to April 1 that will be paid under protest. The notice shall be on a form prescribed by the Tax Commission. *If taxes are paid in two equal installments and the amount paid under protest does not exceed fifty percent (50%) of the full amount of assessed taxes, all protested taxes shall be specified in the second installment payment.* If such amount does exceed fifty percent (50%) of the full amount of assessed taxes, then the portion of protested taxes that exceeds fifty percent (50%) of the full amount of assessed taxes shall be specified in the first installment payment and the entire second installment shall be specified to be paid under protest.... (Emphasis supplied.)

¶9 Here, it is undisputed that the tax was timely paid in two equal installments, and the amount protested was less than 50% of the full amount of assessed taxes. This being so, none of the first one-half of the tax was paid under protest, and the special provision of the statute applying to those facts is controlling. The reason for the notice to the County Treasurer is that the Treasurer must determine what portion, if any, of the tax must be held and what portion shall be apportioned.

¶10 In this context, the statute specifically provides that if the protested amount does not exceed 50% of the full amount of assessed tax, all protested taxes shall be specified in the second installment payment. In such case, it is not required, or even proper, to specify any protest in the first installment payment. On the other hand, if the protested amount exceeds 50% of the total, the statute contains specific provisions to follow. The portion of the statute which reads: "When such taxes are paid, or by December 31, whichever is earlier", applies

to a situation where all of the tax is paid at one time and not in two installments. To hold otherwise would cause the statute to be ambiguous. The statute also provides that if any part of the tax becomes delinquent, the protest is abated. This, of course, does not apply where, as here, the tax is timely paid in two installments.

¶ 11 We do not find a decision of the Supreme Court specifically deciding the issue being considered. This is a portion of lengthy statutes covering a multitude of subjects and factual situations. We must consider the entire statute in an effort to discover the stated intent of the Legislature as it applies to the factual situation being considered. While some provisions may be argued to be in conflict with others, we think our view, expressed in this opinion, is clearly in accordance with permitting taxpayers to appeal assessments such as the one being considered. Appellant cites *City of Tulsa v. Board of Trustees of Police Pension and Retirement System*, 1963 OK 267, 387 P.2d 255, in support of its argument that statutes giving the right of appeal must be liberally construed in furtherance of justice, *i.e.*, the law favoring the right of appeal. We agree with that principle.

¶ 12 We have not considered the merits of the tax appeal. We do hold that justice requires that this taxpayer should have its day in court.

¶ 13 REVERSED AND REMANDED for further proceedings consistent with this opinion.

HANSEN, C.J., and BUETTNER, P.J., concur.