95 P.3d 190 (2004)
2004 OK CIV APP 59
Shawn M. HORVAT, Appellant,
v.
STATE of Oklahoma, ex rel. the DEPARTMENT OF CORRECTIONS, and State of Oklahoma, ex rel. the Merit Protection Commission, Appellees.
No. 99,976.
Court of Civil Appeals of Oklahoma, Division No. 2.
April 13, 2004.
*191 Stanley M. Ward, Woodrow K. Glass, Scott F. Brockman, Ward & Glass, LLP, Norman, OK, for Appellant.
Honorable Drew Edmondson, Attorney General, William F. O'Brien, Assistant Attorney General, Oklahoma City, OK, for Appellee Oklahoma Merit Protection Commission.
Michael T. Oakley, Assistant General Counsel, Oklahoma City, OK, for Appellee Oklahoma Department of Corrections.
Released for Publication by Order of the Supreme Court of Oklahoma.
TOM COLBERT, Chief Judge.
¶ 1 Shawn M. Horvat, an employee of the Department of Corrections (DOC), appeals from a summary judgment in favor of DOC and the Merit Protection Commission (MPC). The issue on appeal is whether MPC's rule that an appeal is filed on the day it is received rather than on the day it is mailed violates Oklahoma's Constitution. We conclude that it does and reverse the summary judgment.

FACTS AND PROCEDURAL BACKGROUND
¶ 2 On September 20, 2002, Horvat, a permanent classified Correctional Security Manager, Level 1, received a letter from DOC informing him that he was to be involuntarily demoted and transferred on October 1, 2002. On October 9, 2002, Horvat sent a Notice of Appeal to MPC by certified mail. MPC received the notice on October 11, 2002, and dismissed the appeal as untimely. MPC also denied Horvat's petition for rehearing on December 13, 2002.
¶ 3 Horvat filed a petition with the district court against MPC and DOC, seeking judicial review of MPC's denial. He subsequently filed an amended petition to seek a declaratory judgment that MPC's rule violated Oklahoma's Constitution. Horvat then moved for summary judgment. The district court denied his motion and granted summary judgment in favor of MPC and DOC. Horvat appeals.

STANDARD OF REVIEW
¶ 4 The question presented on appeal is one of law which we review de novo. K & H Well Serv., Inc. v. Tcina, Inc., 2002 OK 62, ¶ 9, 51 P.3d 1219, 1223.

*192 DISCUSSION
¶ 5 Permanent classified state employees have a right to appeal from discipline resulting in their discharge, suspension without pay, or demotion. 74 O.S. Supp.2003 § 840-6.5 (B). To exercise that right, they must file an appeal with MPC within 20 days of receiving notice of the discipline. Id. MPC's executive director has the authority to determine whether the jurisdictional requirements for an appeal are met. Id. According to MPC's rules, an appeal is "filed" when it is received. MPC Rules 455:10-1-2 & 455:10-3-2. Horvat's appeal was deemed untimely because MPC received it on the 21st day after Horvat received notice of his demotion.
¶ 6 Horvat acknowledges that MPC's rules were properly promulgated and that the decision to dismiss his appeal was based on a proper application of the rules, but contends the rule providing that filing occurs upon receipt is unconstitutional. He argues that the "mailbox rule," which governs appeals to the Supreme Court, must also apply to appeals to other tribunals and commissions. The mailbox rule specifies that "[t]he date of filing or the date of mailing, as shown by the postmark affixed by the post office or other proof from the post office of the date of mailing, shall constitute the date of filing of the petition in error." 12 O.S. Supp.2003 § 990A (B).
¶ 7 Horvat relies on article 5, section 46 of the Oklahoma Constitution, which states, "[T]he Legislature shall not ... pass any local or special law ... [r]egulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, ... commissioners, ... or other tribunals." Section 46 "proscribes `special' laws that single out for different treatment less than an entire class of similarly situated persons or entities." State, ex rel. Macy v. Bd. of County Comm'rs, 1999 OK 53, ¶ 14, 986 P.2d 1130, 1138. It has been interpreted to command "that general rules of appellate procedure be symmetrical and apply across the board." Johnson v. Tony's Town Mister Quik, 1996 OK 138, ¶ 5, 915 P.2d 355, 357.
¶ 8 The parties cite to no case law directly on point and our research has revealed none. What we are left with is Horvat's argument that all "appellants" must be treated the same. Horvat's appeal, however, is not a judicial appeal; it is an administrative appeal. We must determine whether that distinction is dispositive.
¶ 9 Our decision is informed by the trial judge's well-written order on summary judgment. He observed, "[Horvat] essentially asks this court to legislate by applying the mailbox rule by judicial fiat to petitions for appeal of an agency employment action to the MPC." The judge continued, "Though [Horvat's] suggested rule change may have some merit, it is a matter for the MPC and/or the legislature. It is not the role of this court to require it by judicial fiat."
¶ 10 Like the trial judge, we do not seek to legislate by judicial fiat. We are compelled, however, to apply Oklahoma's Constitution. If an administrative rule or a statute conflicts with the Constitution, it must give way. See Macy, 1999 OK 53, n. 32, 986 P.2d 1130.
¶ 11 Although the mailbox rule enunciated in section 940A applies expressly to appeals to the Supreme Court, its common law predecessor was not so limited and was actually articulated as a rule of contract law. See Johnson, 1996 OK 138, n. 4, 915 P.2d 355. Its purpose in Oklahoma is the "elimination of the travel requirement placed upon those litigants some distance away from Oklahoma City in order to commence an appellate review proceeding." Whitehead v. Tulsa Pub. Sch., 1998 OK 71, ¶ 5, 968 P.2d 1211, 1213. Without the mailbox rule, appellants who do not live within a reasonable driving distance of Oklahoma City would be at a significant disadvantage to those who do. The rule provides a method that has an "evenhanded statewide application." Id.
¶ 12 The rule Horvat advocates for MPC would serve the same purpose. Classified employees of the State have a right to appeal their discharge, suspension without pay, or demotion. 74 O.S. Supp.2003 § 840-6.5 (B). The rule that an appeal is filed only upon its receipt by MPC creates an unnecessary burden on those employees who live away from *193 Oklahoma City and places them at a disadvantage to those who live near the capitol. Moreover, MPC has put forth no argument that application of the mailbox rule would create any burden on its operations. See Johnson, 1996 OK 138, ¶ 5, 915 P.2d at 357.
¶ 13 MPC argues that the Supreme Court's recent decisions on the mailbox rule should not apply here because they addressed only appellate proceedings in the Supreme Court. See id., and Whitehead, 1998 OK 71, 968 P.2d 1211. It argues that an appeal to an administrative agency is not an appellate proceeding in the nature of an appeal to the Supreme Court. We cannot agree. An appeal to MPC seeks the appellate review of a quasi-judicial decision. Moreover, section 46 speaks in very broad terms, addressing practice in "judicial proceedings or inquiry before the courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals." Not only is MPC a commission, it is also a tribunal. See Okla. Sup.Ct. R. 1.75(a), 12 O.S.2001, ch. 15, app.
¶ 14 The Constitution and the spirit of the Supreme Court's holdings in Johnson and Whitehead compel our conclusion that the mailbox rule must apply to appeals to MPC. The rule of filing only upon receipt serves no useful purpose. It does not benefit MPC and is an unnecessary burden on those state employees who do not live near Oklahoma City.

CONCLUSION
¶ 15 The trial court erred in granting summary judgment against Horvat on his claim seeking a declaration that MPC's rule  that appeals are deemed filed only upon receipt  is unconstitutional. The rule violates Oklahoma Constitution, article 5, section 46. On remand, the trial court shall enter judgment in Horvat's favor and direct MPC to allow his appeal to proceed.
¶ 16 REVERSED AND REMANDED.
REIF, P.J., and GOODMAN, J. (sitting by designation), concur.