IN RE: AMENDMENT OF OKLAHOMA SUPREME COURT RULE 1.4.
2023 OK 44
Decided: 04/17/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 44, __ P.3d __

 
IN RE: AMENDMENT OF OKLAHOMA, SUPREME COURT RULE 1.4.
ORDER
¶1 The Court hereby amends Okla.Sup.Ct. Rule 1.4 as shown on the attached Exhibits A and B.
¶2 The amended rule shall be effective June 1, 2023.
¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 17th DAY OF APRIL, 2023.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.

Exhibit A
OKLAHOMA SUPREME COURT RULES
PART I RULES OF GENERAL APPLICATION
RULE 1.4. SUPREME COURT CLERK, GUIDELINES FOR FILERS, FILINGS, MAILING, COPIES, AND NOTICE TO PARTIES
(a) Supreme Court Clerk.
All briefs, motions, and other papers are to be filed with the Clerk of the Supreme Court. The Clerk of the Supreme Court shall serve ex officio as Clerk of the Court of Civil Appeals. See Rule 1.172.
The Clerk shall not allow an original opinion to be removed from the Office of the Clerk. The Clerk shall not allow an original motion, pleading, or record to be taken from the Office of the Clerk without an order of the Court or one of the Justices thereof.
(b) Guidelines for Filers.
(1) Responsibilities of Filer. The responsibility for following the guidelines set forth below rests solely with counsel, the parties, or any other filer. The Supreme Court Clerk shall not have any duty to review documents for compliance with this rule. If a filer includes personal identifier information such as Social Security numbers, Tax Identification numbers, Financial Account numbers, Driver's License numbers, dates of birth, addresses or other sensitive information, in any document filed with the Court, electronically or otherwise, the document becomes a public record as filed.
(2) Applicability of the Rule. This rule does not apply to cases where statutory law or Rules and Forms promulgated by the Court requires inclusion of the complete personal identifier number. 
(3) Personal Identifier Information. Unless otherwise ordered or as otherwise provided by law, every filer, whether filing electronically or otherwise, may limit social security numbers, tax identification numbers, financial account numbers, and driver's license numbers to include only the last four digits of the respective number in all pleadings, papers, exhibits or other documents. Moreover, every filer may limit dates of birth to include only the year of the individual's birth in all pleadings, papers, exhibits or other documents. To the extent a filer identifies a minor, every filer may use only the minor's initials in all pleadings, papers, exhibits or other documents filed with the Court. 
(4) Additional Sensitive Information. By motion of one of the parties or sua sponte, for good cause shown, the Court may by order in a case require redaction of additional sensitive information.
(5) Confidentiality. Nothing in this rule shall impact the confidentiality of juvenile records or any other records the Legislature has determined are confidential. 

(6) Filings Made Under Seal. The Court may order that a filing be made under seal without redaction. The Court may later unseal the filing or order the filer who made the filing to file a redacted version for the public record.

(c) (b)Filings.
(1) Form. The pages of all filings shall be numbered unless excused by a specific rule herein. The forms provided by Rule 1.301 shall be used when applicable.
(2) Time for Filing. Except for petitions in error, petitions for review, and petitions for certiorari mailed in conformance with Rule 1.4(c), all briefs, motions, petitions, and other papers shall be deemed filed on the date of receipt by the Clerk of the Supreme Court during regular office hours, Monday through Friday between 8:00 A.M. and 5:00 P.M., state holidays excluded. Any documents which are electronically filed after 5:00 P.M. will be deemed filed the next business day.
(d)(c) Petition in Error, Petition for Review of a Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, Petition for Certiorari to the Court of Civil Appeals, Costs, and Mailing.
A petition in error, petition for review, or petition for certiorari may be filed either by delivery to the Clerk of the Supreme Court, or by deposit with the United States Postal Service, or by delivery with a third party commercial carrier, and addressed to the Clerk of the Supreme Court, Oklahoma Judicial Center, 2100 N. Lincoln Boulevard, Suite 4, Oklahoma City, OK, 73105, or Clerk of the Supreme Court, P.O. Box 53126, Oklahoma City, OK 73152. See Rule 1.4(e). When a petition is delivered to the Clerk for filing it must be delivered at the Office of the Clerk of the Supreme Court during regular office hours, Monday through Friday between 8:00 A.M. and 5:00 P.M., state holidays excluded, or as provided in the Rules for Electronic Filing in the Oklahoma Courts.
When a petition is delivered to the Clerk by the United States Postal Service, the date of mailing as shown by the postmark or other proof from the post office, such as the date stamped by the post office upon a certified mail receipt or post office tracking history, will be deemed to be the date of filing the petition. Whitehead v. Tulsa Public Schools, 1998 OK 71, 968 P.2d 1211. When a petition is mailed through the United States Postal Service, a postmark date from a privately owned postage meter or commercial postage meter label will not suffice as proof of the date of mailing and, in the absence of other proof of date of mailing from the United States Postal Service, a document bearing only such a postmark will be deemed filed upon date of delivery to the Clerk. The Court may require the party or person who mailed a petition to the court to provide proof from the United States Postal Service showing date of mailing. Online-printed postage from a United States Postal Service-Authorized PC Postage Provider will also not suffice in the absence of other proof of the date of mailing from the United States Postal Service.
When a petition is delivered to the Clerk by a third-party commercial carrier, the petition must be received by the carrier from the party on or before the last day the petition may be timely filed with the Clerk. The party must require the third-party commercial carrier to deliver the petition to the Supreme Court Clerk within three calendar days. The date the third-party commercial carrier receives the petition for delivery to the Supreme Court Clerk shall be deemed the date of filing with the Clerk when the third-party commercial carrier provides documentation with delivery to the Clerk showing the date the petition was received by the carrier. If the third-party commercial carrier does not provide the date the document was received by the carrier, the Court will require the person who sent the petition to submit a notarized statement or declaration in compliance with 12 O.S. § 426 setting out the details of the filing and stating that the filing took place on a particular date within the permitted time. Documentation of the date a petition is received by a third-party commercial carrier shall be by a document showing the actual date of receipt, and the date of receipt must be affixed or printed on the document by the third-party commercial carrier. A date of receipt on a document that may be affixed or printed thereon by anyone other than a third-party commercial carrier shall not be used as documentation of date of delivery to the carrier for the purposes of Rule 1.4.
The date a petition is mailed or date of receipt by a third-party commercial carrier shall be deemed the date of its filing only when it is mailed or received by the third-party commercial carrier in accordance with this rule, and when it is properly addressed to the Clerk of the Supreme Court and contains sufficient postage. Where a petition is mailed or delivered by third-party commercial carrier following the requirements of this rule, the petition shall not be deemed filed on the date of mailing or receipt by the commercial carrier unless the full amount of the required cost deposit for filing the petition, or properly executed pauper's affidavit, has also been mailed or received by the commercial carrier, conforming to the same requirements for mailing or receipt by the commercial carrier, or such cost deposit or affidavit is actually delivered to the Court Clerk within the time period for perfecting the appellate procedure. Matter of K. L. F., 1994 OK 66, 878 P.2d 1067; Okla.Sup.Ct.R. 1.23.
(e)(d) Mailing by Prisoner.
A prisoner's appeal is commenced on the date that he or she places the petition in error in the prison mailbox for mailing or otherwise delivers it to a prison official for mailing. Proof of the date of the placement of the petition in error in the prison mailbox shall be supplied by affidavit attached to the petition in error. Woody v. State, 1992 OK 45, 833 P.2d 257.
(f)(e) Scope of Rule 1.4(dc).
Rule 1.4(dc) applies to petitions in error in appeals from the District Courts; petitions in error in appeals from the Corporation Commission, and other tribunals, including but not limited to, the Tax Commission, Banking Board, State Banking Commissioner, and the Court of Tax Review; to petitions to review decisions of the of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims in the Supreme Court; to petitions for certiorari to review opinions of the Court of Civil Appeals; to petitions for certiorari to review certified interlocutory orders of the District Courts; and to rehearing petitions to the Court of Civil Appeals as well as to the Supreme Court.
(g)(f) Copies.
The original shall be filed with the following number of copies, unless the Rules for Electronic Filing in the Oklahoma Courts provide otherwise when a document is electronically filed.
1. Petition in Error - Fourteen copies (Rule 1.23).
2. Response to Petition in Error, - Fourteen copies (Rule 1.25).
3. Amended and Supplemental Petitions in Error - Fourteen copies, (Rule 1.26).
4. Entry of Appearance - Two copies (Rule 1.5).
5. Motions in an appeal - Ten copies (Rule 1.6).
6. Briefs in an appeal - Fourteen copies (Rule 1.10).
7. Waiver of brief - Fourteen copies (Rule 1.10).
8. Record on appeal from summary judgment, etc. - Four copies (Rule 1.36).
9. Rehearing before Supreme Court - Ten copies (Rule 1.13).
10. Rehearing before Court of Civil Appeals - Ten copies (Rule 1.177).
11. Petition for Certiorari to Court of Civil Appeals - Ten copies (Rule 1.179).
12. Answer to Petition for Certiorari to Court of Civil Appeals - Ten copies (Rule 1.179).
13. Reply to Answer to Petition for Certiorari to Court of Civil Appeals - Ten copies (Rule 1.179).
14. Petition to Review Certified Interlocutory Order - Fourteen copies, (Rule 1.52).
15. Response to Petition to Review Certified Interlocutory Order -Fourteen copies, (Rule 1.53).
16. Application to assume original jurisdiction - Fourteen copies (Rule 1.191).
17. Responses and Briefs in an original action - Fourteen copies (Rule 1.191).
18. Appendix in original action - One copy (Rule 1.191).
19. Corrections to filed instruments - Same number of copies as document corrected, (Rule 1.7).
(h) (g) Notice to Parties.
(1) By Parties. Service of all documents filed with the Supreme Court or Court of Civil Appeals shall be made in the manner provided in 12 O.S. § 2005(B), or as provided in the Rules for Electronic Filing in the Oklahoma Courts. Proof of service may be by a certificate of service endorsed on the filing. The Court, a Justice thereof, or a Referee of the Supreme Court may require other methods of service and proof of service.
No brief, motion, petition, application or suggestion will be considered by the Supreme Court or the Court of Civil Appeals without proof of service as required herein, except where the Court determines that notice is not required.

(2) By Clerk.
Orders and notices required to be mailed to parties will be mailed on the date shown by the Clerk's file stamp unless otherwise indicated, and such date will serve as notice of the date of mailing. Notice by the Clerk shall be made to attorney or party pro se at the address shown by the entry of appearance or notice of change of address. See Rule 1.5.
Whenever in any case filed in this Court it shall be made to appear to the Clerk of this Court by the affidavit of an appellant or a petitioner, appellant's agent or attorney, that the appellee or the respondent has no attorney of record, or that appellee is beyond the limits of the state, or that appellee's residence is unknown, so that it is impossible or impracticable to serve citation upon appellee (or respondent) in the ordinary method provided by law, it shall be the duty of the Clerk of this Court, upon the appellant or the petitioner making provision for the payment of the expense thereof, to cause notice of the pendency of such cause to be published once each week for four weeks successively in some newspaper published in the county in which the case was tried.

Exhibit B
OKLAHOMA SUPREME COURT RULES
PART I RULES OF GENERAL APPLICATION
RULE 1.4. SUPREME COURT CLERK, GUIDELINES FOR FILERS, FILINGS, MAILING, COPIES, AND NOTICE TO PARTIES
(a) Supreme Court Clerk.
All briefs, motions, and other papers are to be filed with the Clerk of the Supreme Court. The Clerk of the Supreme Court shall serve ex officio as Clerk of the Court of Civil Appeals. See Rule 1.172.
The Clerk shall not allow an original opinion to be removed from the Office of the Clerk. The Clerk shall not allow an original motion, pleading, or record to be taken from the Office of the Clerk without an order of the Court or one of the Justices thereof.
(b) Guidelines for Filers.
(1) Responsibilities of Filer. The responsibility for following the guidelines set forth below rests solely with counsel, the parties, or any other filer. The Supreme Court Clerk shall not have any duty to review documents for compliance with this rule. If a filer includes personal identifier information such as Social Security numbers, Tax Identification numbers, Financial Account numbers, Driver's License numbers, dates of birth, addresses or other sensitive information, in any document filed with the Court, electronically or otherwise, the document becomes a public record as filed.
(2) Applicability of the Rule. This rule does not apply to cases where statutory law or Rules and Forms promulgated by the Court requires inclusion of the complete personal identifier number. 
(3) Personal Identifier Information. Unless otherwise ordered or as otherwise provided by law, every filer, whether filing electronically or otherwise, may limit social security numbers, tax identification numbers, financial account numbers, and driver's license numbers to include only the last four digits of the respective number in all pleadings, papers, exhibits or other documents. Moreover, every filer may limit dates of birth to include only the year of the individual's birth in all pleadings, papers, exhibits or other documents. To the extent a filer identifies a minor, every filer may use only the minor's initials in all pleadings, papers, exhibits or other documents filed with the Court. 
(4) Additional Sensitive Information. By motion of one of the parties or sua sponte, for good cause shown, the Court may by order in a case require redaction of additional sensitive information.
(5) Confidentiality. Nothing in this rule shall impact the confidentiality of juvenile records or any other records the Legislature has determined are confidential. 
(6) Filings Made Under Seal. The Court may order that a filing be made under seal without redaction. The Court may later unseal the filing or order the filer who made the filing to file a redacted version for the public record.
(c) Filings.
(1) Form. The pages of all filings shall be numbered unless excused by a specific rule herein. The forms provided by Rule 1.301 shall be used when applicable.
(2) Time for Filing. Except for petitions in error, petitions for review, and petitions for certiorari mailed in conformance with Rule 1.4(c), all briefs, motions, petitions, and other papers shall be deemed filed on the date of receipt by the Clerk of the Supreme Court during regular office hours, Monday through Friday between 8:00 A.M. and 5:00 P.M., state holidays excluded. Any documents which are electronically filed after 5:00 P.M. will be deemed filed the next business day.
(d) Petition in Error, Petition for Review of a Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, Petition for Certiorari to the Court of Civil Appeals, Costs, and Mailing.
A petition in error, petition for review, or petition for certiorari may be filed either by delivery to the Clerk of the Supreme Court, or by deposit with the United States Postal Service, or by delivery with a third party commercial carrier, and addressed to the Clerk of the Supreme Court, Oklahoma Judicial Center, 2100 N. Lincoln Boulevard, Suite 4, Oklahoma City, OK, 73105, or Clerk of the Supreme Court, P.O. Box 53126, Oklahoma City, OK 73152. See Rule 1.4(e). When a petition is delivered to the Clerk for filing it must be delivered at the Office of the Clerk of the Supreme Court during regular office hours, Monday through Friday between 8:00 A.M. and 5:00 P.M., state holidays excluded, or as provided in the Rules for Electronic Filing in the Oklahoma Courts.
When a petition is delivered to the Clerk by the United States Postal Service, the date of mailing as shown by the postmark or other proof from the post office, such as the date stamped by the post office upon a certified mail receipt or post office tracking history, will be deemed to be the date of filing the petition. Whitehead v. Tulsa Public Schools, 1998 OK 71, 968 P.2d 1211. When a petition is mailed through the United States Postal Service, a postmark date from a privately owned postage meter or commercial postage meter label will not suffice as proof of the date of mailing and, in the absence of other proof of date of mailing from the United States Postal Service, a document bearing only such a postmark will be deemed filed upon date of delivery to the Clerk. The Court may require the party or person who mailed a petition to the court to provide proof from the United States Postal Service showing date of mailing. Online-printed postage from a United States Postal Service-Authorized PC Postage Provider will also not suffice in the absence of other proof of the date of mailing from the United States Postal Service.
When a petition is delivered to the Clerk by a third-party commercial carrier, the petition must be received by the carrier from the party on or before the last day the petition may be timely filed with the Clerk. The party must require the third-party commercial carrier to deliver the petition to the Supreme Court Clerk within three calendar days. The date the third-party commercial carrier receives the petition for delivery to the Supreme Court Clerk shall be deemed the date of filing with the Clerk when the third-party commercial carrier provides documentation with delivery to the Clerk showing the date the petition was received by the carrier. If the third-party commercial carrier does not provide the date the document was received by the carrier, the Court will require the person who sent the petition to submit a notarized statement or declaration in compliance with 12 O.S. § 426 setting out the details of the filing and stating that the filing took place on a particular date within the permitted time. Documentation of the date a petition is received by a third-party commercial carrier shall be by a document showing the actual date of receipt, and the date of receipt must be affixed or printed on the document by the third-party commercial carrier. A date of receipt on a document that may be affixed or printed thereon by anyone other than a third-party commercial carrier shall not be used as documentation of date of delivery to the carrier for the purposes of Rule 1.4.
The date a petition is mailed or date of receipt by a third-party commercial carrier shall be deemed the date of its filing only when it is mailed or received by the third-party commercial carrier in accordance with this rule, and when it is properly addressed to the Clerk of the Supreme Court and contains sufficient postage. Where a petition is mailed or delivered by third-party commercial carrier following the requirements of this rule, the petition shall not be deemed filed on the date of mailing or receipt by the commercial carrier unless the full amount of the required cost deposit for filing the petition, or properly executed pauper's affidavit, has also been mailed or received by the commercial carrier, conforming to the same requirements for mailing or receipt by the commercial carrier, or such cost deposit or affidavit is actually delivered to the Court Clerk within the time period for perfecting the appellate procedure. Matter of K. L. F., 1994 OK 66, 878 P.2d 1067; Okla.Sup.Ct.R. 1.23.
(e) Mailing by Prisoner.
A prisoner's appeal is commenced on the date that he or she places the petition in error in the prison mailbox for mailing or otherwise delivers it to a prison official for mailing. Proof of the date of the placement of the petition in error in the prison mailbox shall be supplied by affidavit attached to the petition in error. Woody v. State, 1992 OK 45, 833 P.2d 257.
(f) Scope of Rule 1.4(d).
Rule 1.4(d) applies to petitions in error in appeals from the District Courts; petitions in error in appeals from the Corporation Commission, and other tribunals, including but not limited to, the Tax Commission, Banking Board, State Banking Commissioner, and the Court of Tax Review; to petitions to review decisions of the of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims in the Supreme Court; to petitions for certiorari to review opinions of the Court of Civil Appeals; to petitions for certiorari to review certified interlocutory orders of the District Courts; and to rehearing petitions to the Court of Civil Appeals as well as to the Supreme Court.
(g) Copies.
The original shall be filed with the following number of copies, unless the Rules for Electronic Filing in the Oklahoma Courts provide otherwise when a document is electronically filed.
1. Petition in Error - Fourteen copies (Rule 1.23).
2. Response to Petition in Error, - Fourteen copies (Rule 1.25).
3. Amended and Supplemental Petitions in Error - Fourteen copies, (Rule 1.26).
4. Entry of Appearance - Two copies (Rule 1.5).
5. Motions in an appeal - Ten copies (Rule 1.6).
6. Briefs in an appeal - Fourteen copies (Rule 1.10).
7. Waiver of brief - Fourteen copies (Rule 1.10).
8. Record on appeal from summary judgment, etc. - Four copies (Rule 1.36).
9. Rehearing before Supreme Court - Ten copies (Rule 1.13).
10. Rehearing before Court of Civil Appeals - Ten copies (Rule 1.177).
11. Petition for Certiorari to Court of Civil Appeals - Ten copies (Rule 1.179).
12. Answer to Petition for Certiorari to Court of Civil Appeals - Ten copies (Rule 1.179).
13. Reply to Answer to Petition for Certiorari to Court of Civil Appeals - Ten copies (Rule 1.179).
14. Petition to Review Certified Interlocutory Order - Fourteen copies, (Rule 1.52).
15. Response to Petition to Review Certified Interlocutory Order -Fourteen copies, (Rule 1.53).
16. Application to assume original jurisdiction - Fourteen copies (Rule 1.191).
17. Responses and Briefs in an original action - Fourteen copies (Rule 1.191).
18. Appendix in original action - One copy (Rule 1.191).
19. Corrections to filed instruments - Same number of copies as document corrected, (Rule 1.7).
(h) Notice to Parties.
(1) By Parties. Service of all documents filed with the Supreme Court or Court of Civil Appeals shall be made in the manner provided in 12 O.S. § 2005(B), or as provided in the Rules for Electronic Filing in the Oklahoma Courts. Proof of service may be by a certificate of service endorsed on the filing. The Court, a Justice thereof, or a Referee of the Supreme Court may require other methods of service and proof of service.
No brief, motion, petition, application or suggestion will be considered by the Supreme Court or the Court of Civil Appeals without proof of service as required herein, except where the Court determines that notice is not required.
(2) By Clerk.
Orders and notices required to be mailed to parties will be mailed on the date shown by the Clerk's file stamp unless otherwise indicated, and such date will serve as notice of the date of mailing. Notice by the Clerk shall be made to attorney or party pro se at the address shown by the entry of appearance or notice of change of address. See Rule 1.5.
Whenever in any case filed in this Court it shall be made to appear to the Clerk of this Court by the affidavit of an appellant or a petitioner, appellant's agent or attorney, that the appellee or the respondent has no attorney of record, or that appellee is beyond the limits of the state, or that appellee's residence is unknown, so that it is impossible or impracticable to serve citation upon appellee (or respondent) in the ordinary method provided by law, it shall be the duty of the Clerk of this Court, upon the appellant or the petitioner making provision for the payment of the expense thereof, to cause notice of the pendency of such cause to be published once each week for four weeks successively in some newspaper published in the county in which the case was tried.