OSCN Found Document:Question Submitted by: The Honorable Sally Kern, State Representative, District 84

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: The Honorable Sally Kern, State Representative, District 84
2014 OK AG 8
Decided: 07/03/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 8, __ __

 
¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
1. Does 2014 Okla. Sess. Laws ch. 13, § 1 allow all statewide organizations representing retired educators to each appoint a member to serve concurrently on the Oklahoma Teachers' Retirement System Board of Trustees, or only one organization to appoint a single member?
2. If the answer to the first part of the question is only one, then what is the appropriate process by which the organization's appointed member will be selected from the number of statewide organizations representing retired educators that presently exist in Oklahoma?
I.
Introduction
¶1 Your question relates to the interpretation of an amendment to 70 O.S.Supp.2013, § 17-106.[1] This section sets forth the administration, operation, and maintenance of the Oklahoma Teachers' Retirement System Board of Trustees ("Teachers' Retirement Board"). Most relevant here, Section 17-106(2)(a)-(l) provides for the Teachers' Retirement Board's composition. According to the statute, the Teachers' Retirement Board shall consist of the following members:


(a) The State Superintendent of Public Instruction, ex officio or a designee.
(b) The Director of the Office of Management and Enterprise Services, ex officio or a designee.
(c) The Director of the Oklahoma Department of Career and Technology Education, ex officio, or his or her designee.
(d) One member appointed by the Governor whose initial term of office shall expire on January 14, 1991. The members thereafter appointed by the Governor shall serve a term of office of four (4) years which is coterminous with the term of office of the office of the appointing authority.
(e) Two members shall be appointed by the Governor of the State of Oklahoma and approved by the Senate. The two members shall be: 1. a representative of a school of higher education in Oklahoma whose term of office shall initially be one (1) year, and 2. a member of the System of the nonclassified optional personnel status whose initial term of office shall be two (2) years. After the initial terms of office the terms of the members shall be four (4) years.
(f) Upon the expiration of the term of office of the stockbroker member of the Board, the Governor shall appoint a member to the Board whose initial term of office shall expire on January 14, 1991. The members thereafter appointed by the Governor shall serve a term of office of four (4) years which is coterminous with the term of office of the office of the appointing authority.
(g) Upon the expiration of the term of office of the representative of the insurance industry member of the Board, the Governor shall appoint a member to the Board whose initial term of office shall expire on January 14, 1991. The members thereafter appointed by the Governor shall serve a term of office of four (4) years which is coterminous with the term of office of the office of the appointing authority.
(h) Upon the expiration of the term of office of the investment counselor member of the Board, the Governor shall appoint a member to the Board whose initial term of office shall expire on January 14, 1991. The members thereafter appointed by the Governor shall serve a term of office of four (4) years which is coterminous with the term of office of the office of the appointing authority.
(i) Upon the expiration of the term of office of the active classroom teacher member of the Board, the President Pro Tempore of the Senate shall appoint a member to the Board, who shall be an active classroom teacher and whose initial term of office shall expire on January 8, 1991. The members thereafter appointed by the President Pro Tempore of the Senate shall serve a term of office of four (4) years.
(j) Upon the expiration of the term of office of the retired classroom teacher member of the Board, the Speaker of the House of Representatives shall appoint a member to the Board, who shall be a retired member of the System and whose initial term of office shall expire on January 8, 1991. The members thereafter appointed by the Speaker of the House of Representatives shall serve a term of office of four (4) years.
(k) The Speaker of the House of Representatives shall appoint a member to the Board, who shall be an active classroom teacher and whose initial term of office shall expire on January 3, 1989. The members thereafter appointed by the Speaker of the House of Representatives shall serve a term of office of four (4) years.
(l) The President Pro Tempore of the Senate shall appoint a member to the Board, who shall be a retired member of the System and whose initial term of office shall expire on January 3, 1989. The members thereafter appointed by the President Pro Tempore of the Senate shall serve a term of office of four (4) years.


Id. This statute was amended by 2014 Okla. Sess. Laws ch. 13, § 1 ("2014 Session Laws") to include subsection (m) that provides: "A statewide organization representing retired educators shall appoint a member to the Board who shall be a nonvoting member." Id. There are currently two statewide organizations representing retired educators: the Retired Professional Oklahoma Educators and the Oklahoma Retired Educators Association. You ask whether subsection (m) allows for both organizations to appoint a member to serve on the Teachers' Retirement Board concurrently, or whether it only allows for the appointment of one member representing one organization.
II.
The Legislature Intended the 2014 Session Laws to Add to the Teachers' Retirement Board Only One Representative From "A Statewide Organization Representing Retired Educators."
¶2 "The fundamental rule of statutory construction is to ascertain and give effect to legislative intent." J.L.M. v. State, 109 P.3d 336, 338 (Okla. 2005). Legislative intent is found by looking at the statutory language as a whole, rather than piecemeal. See City of Tulsa v. State ex rel. Pub. Emp. Relations Bd., 967 P.2d 1214, 1220 (Okla. 1998). The statutory language will be given its "plain and ordinary meaning unless it is contrary to the purpose and intent of the statute." Stump v. Cheek, 179 P.3d 606, 611 (Okla. 2007). And if the language is plain and clearly expresses the intent of the Legislature, no further discussion is necessary. Cattlemen's Steakhouse, Inc. v. Waldenville, 318 P.3d 1105, 1110 (Okla. 2013). Looking at Section 17-106 as a whole, it is clear that the Legislature intended for the 2014 Session Laws to add to the Teachers' Retirement Board only one member appointed by one statewide organization representing retired educators.
¶3 The 2014 Session Laws amended Section 17-106(2) to include, as a nonvoting member, a representative from "[a] statewide organization representing retired educators." 2014 Okla. Sess. Laws ch. 13, § 1(m) (emphasis added). Notably, the Legislature used the word "a" in describing "statewide organization." The plain and ordinary meaning of "a" is that it refers to a single thing or entity. In fact, the dictionary defines "a" as a word "used as a function word before most singular nouns . . . when the individual in question is undetermined, unidentified, or unspecified, esp. when the individual is being first mentioned or called to notice." Webster's Third New International Dictionary 1 (3d ed. 1993) (emphasis added). If the Legislature had intended to allow the addition of multiple non-voting members, they would have used a more expansive word to describe statewide organization such as "any" instead of "a" or said "statewide organizations" instead of the singular "organization." Instead, the Legislature chose "a" and the singular form of "organization," indicating its intent to allow only one statewide organization to serve on the Board pursuant to subsection (m). Because the language is plain and clearly expresses the Legislature's intent, no further stautory construction is necessary. 
¶4 Reading the word "a" in the amendment to mean "any" would not make sense in the context of Section 17-106. If one were to read the statute in this manner, the door would be open for members to be added on the Teachers' Retirement Board any time a new organization met the "statewide organization representing retired educators" requirement. This could not have been the Legislature's intent. Looking at the other subsections detailing who serves on the Teachers' Retirement Board further supports this conclusion. 
¶5 Each subsection specifically states the number of appointees that it is allowing. For example, subsections (a)-(c) name specific individuals who shall be a member of the Teachers' Retirement Board; subsections (d) and (f)-(l) state either that an individual shall appoint "one member" or shall appoint "a member;" and subsection (e) provides that "[t]wo members shall be appointed by the Governor . . . and approved by the Senate[,]" listing specific qualifications those individuals must meet. 70 O.S.Supp.2013, § 17-106(2). Each of these subsections specifically list how many individuals shall be placed on the Teachers' Retirement Board, with all but one providing for the placement of one member. And in that one instance when the statute allows more than one member to be appointed through the same subsection, it specifically says so and sets out distinct qualifications for those individuals. Most importantly, none of the subsections leave open-ended the number of individuals to be appointed. Therefore, reading subsection (m) to allow for the addition of an undefined amount of appointments to the Teachers' Retirement Board would be inconsistent with the structure of Section 17-106(2) as a whole.
III.
Because the Legislature Has Not Established a Procedure for Determining Who Sits on the Teachers' Retirement Board, the Board Can Promulgate Rules Prescribing That Procedure.
¶6 Because the Legislature intended subsection (m) to add only one non-voting member to the Teachers' Retirement Board, the Board is faced with the practical problem of determining who fills that single, available seat. The Teachers' Retirement Board is responsible for "the general administration andoperation of the retirement system and for making effective the provisions of the act." 70 O.S.Supp.2013, § 17-106(1) (emphasis added). Further, the Teachers' Retirement Board is authorized under Section 17-106(10) to "establish rules and regulations for the administration of the funds created by this act and for the transaction of its business." Id. § 17-106(10) (emphasis added). Prescribing the process by which the Oklahoma Teachers' Retirement System will select an appointee pursuant to subsection (m) relates to the general administration and operation of the retirement system, and is also necessary to transact the System's business. 
¶7 In order to conduct its business the Teachers' Retirement Board must be able to identify its members. Voting and nonvoting members alike affect how the Teachers' Retirement Board conducts business. While voting members can influence policy and decisions through their voting power, non-voting members affect the same through their participation at Board meetings, and ability to attend executive sessions. Because of this, there is an obvious need to clarify the process by which a member from a statewide organization representing retired educators is chosen. Indeed, without the ability to proscribe this process, the Teachers' Retirement Board would be faced with the practical problem of deciding who to seat as a member when more than one representative from a statewide organization attended the Teachers' Retirement Board's meetings. Therefore, promulgating these rules is the only way the Teachers' Retirement Board can transact its business and make effective subsection (m). See 70 O.S.Supp.2013, § 17-106(1), (10). 
¶8 Because Section 17-106(1) and (10) authorize the Teachers' Retirement Board to promulgate rules implementing the amended statute, the process can therefore be determined by that agency. See Adams v. Prof'l Practices Comm'n, 524 P.2d 932, 934 (Okla. 1974) (finding that it is "necessary and proper for administrative agencies to adopt rules of procedure as to matters coming under [their] jurisdiction"). Further, these rules will be valid so long as they are not arbitrary and capricious, Kifer v. Oklahoma Tax Commission, 956 P.2d 162, 166 (Okla. Civ. App. 1997), and do not conflict with Oklahoma's Constitution. Horvat v. State, ex rel Dep't of Corr., 95 P.3d 190, 192 (Okla. Civ. App. 2004). 


¶9 It is, therefore, the official Opinion of the Attorney General that:
1. The Legislature intended 2014 Okla. Sess. Laws ch. 13, § 1 to allow for the appointment of one member to the Oklahoma Teachers' Retirement System Board of Trustees representing one statewide organization of retired educators.
2. Rules governing the process by which the Oklahoma Teachers' Retirement System Board of Trustees will select a member from multiple statewide organizations representing retired educators to serve on the Teachers' Retirement Board may be promulgated by that agency. 70 O.S.Supp.2013, § 17-106(10). These rules will be valid as long as they are not arbitrary and capricious, Kifer v. Oklahoma Tax Commissionn, 956 P.2d 162, 166 (Okla. Civ. App. 1997), and do not otherwise exceed the scope of their authority. Adams v. Prof'l Practices Comm'n, 524 P.2d 932, 934 (Okla. 1974). 


E. SCOTT PRUITT
Attorney General of Oklahoma
SARAH A. GREENWALT
Assistant Solicitor General
FOOTNOTES
[1] 2014 Okla. Sess. Laws ch. 13, § 1 amended 70 O.S.Supp.2013, § 17-106 (eff. July 1, 2014). 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2004 OK CIV APP 59, 95 P.3d 190, HORVAT v. STATE ex rel. DEPT. OF CORRECTIONS
Cited
 1998 OK CIV APP 34, 956 P.2d 162, 69 OBJ 1327, KIFER v. OKLAHOMA TAX COMMISSION
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1974 OK 88, 524 P.2d 932, ADAMS v. PROFESSIONAL PRACTICES COMMISSION
Discussed
 2005 OK 15, 109 P.3d 336, IN THE MATTER OF J.L.M.
Cited
 2007 OK 97, 179 P.3d 606, STUMP v. CHEEK
Cited
 1998 OK 92, 967 P.2d 1214, 69 OBJ 3242, City of Tulsa v. State ex rel. Public Employees Relations Board
Cited
Title 70. Schools
 Cite
Name
Level

 70 O.S. 17-106, Board of Trustees and Other Personnel
Discussed at Length