IN RE AMENDMENT OF RULES OF OK. SUP. CT. (WORKERS' COMPENSATION CT.)
2023 OK 5
Decided: 01/23/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 5, __ P.3d __

 

IN RE: Amendment of Rules 1.4, 1.10, 1.25, 1.76, 1.77, 1.100, 1.102, 1.103, 1.105, 1.106, 1.193, and 1.300, and Rule 1.301 Forms 9, 10, 15, and 17 of the Oklahoma Supreme Court Rules (Workers' Compensation Court

ORDER

¶1 Rules 1.4, 1.10, 1.25, 1.76, 1.77, 1.100, 1.101, 1.102, 1.103, 1.105, 1.106, 1.193, and 1.300, and Forms 9, 10, 15, 17 of Rule 1.301, of the Oklahoma Supreme Court Rules, Okla. Stat. tit. 12, ch. 15, app. 1, is hereby amended as shown on the attached Exhibit "A". The Rules with the amended language noted is attached as Exhibit "B." The remainder of the Rules are unaffected by the amendments. The amended Rules are effective as of January 23, 2023.

¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE the 23rd day of JANUARY, 2023.

/S/CHIEF JUSTICE

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, and Darby, JJ., concur.

Kuehn, J., not voting.

 

 

 

EXHIBIT A

Rule 1.4: SUPREME COURT CLERK, FILINGS, MAILING, COPIES, AND NOTICE TO PARTIES

No changes to 1.4 (a), (b), (d), (f) or (g). 

(c) Petition in Error, Petition for Review of a Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, Petition for Certiorari to the Court of Civil Appeals, Costs, and Mailing.

A petition in error, petition for review, or petition for certiorari may be filed either by delivery to the Clerk of the Supreme Court, or by deposit with the United States Postal Service, or by delivery with a third party commercial carrier, and addressed to the Clerk of the Supreme Court, Oklahoma Judicial Center, 2100 N. Lincoln Boulevard, Suite 4, Oklahoma City, OK, 73105, or Clerk of the Supreme Court, P.O. Box 53126, Oklahoma City, OK 73152. See Rule 1.4(e). When a petition is delivered to the Clerk for filing it must be delivered at the Office of the Clerk of the Supreme Court during regular office hours, Monday through Friday between 8:00 A.M. and 5:00 P.M., state holidays excluded, or as provided in the Rules for Electronic Filing in the Oklahoma Courts.

When a petition is delivered to the Clerk by the United States Postal Service, the date of mailing as shown by the postmark or other proof from the post office, such as the date stamped by the post office upon a certified mail receipt or post office tracking history, will be deemed to be the date of filing the petition. Whitehead v. Tulsa Public Schools, 1998 OK 71, 968 P.2d 1211. When a petition is mailed through the United States Postal Service, a postmark date from a privately owned postage meter or commercial postage meter label will not suffice as proof of the date of mailing and, in the absence of other proof of date of mailing from the United States Postal Service, a document bearing only such a postmark will be deemed filed upon date of delivery to the Clerk. The Court may require the party or person who mailed a petition to the court to provide proof from the United States Postal Service showing date of mailing. Online-printed postage from a United States Postal Service-Authorized PC Postage Provider will also not suffice in the absence of other proof of the date of mailing from the United States Postal Service.

When a petition is delivered to the Clerk by a third-party commercial carrier, the petition must be received by the carrier from the party on or before the last day the petition may be timely filed with the Clerk. The party must require the third-party commercial carrier to deliver the petition to the Supreme Court Clerk within three calendar days. The date the third-party commercial carrier receives the petition for delivery to the Supreme Court Clerk shall be deemed the date of filing with the Clerk when the third-party commercial carrier provides documentation with delivery to the Clerk showing the date the petition was received by the carrier. If the third-party commercial carrier does not provide the date the document was received by the carrier, the Court will require the person who sent the petition to submit a notarized statement or declaration in compliance with 12 O.S. § 426 setting out the details of the filing and stating that the filing took place on a particular date within the permitted time. Documentation of the date a petition is received by a third-party commercial carrier shall be by a document showing the actual date of receipt, and the date of receipt must be affixed or printed on the document by the third-party commercial carrier. A date of receipt on a document that may be affixed or printed thereon by anyone other than a third-party commercial carrier shall not be used as documentation of date of delivery to the carrier for the purposes of Rule 1.4.

The date a petition is mailed or date of receipt by a third-party commercial carrier shall be deemed the date of its filing only when it is mailed or received by the third-party commercial carrier in accordance with this rule, and when it is properly addressed to the Clerk of the Supreme Court and contains sufficient postage. Where a petition is mailed or delivered by third-party commercial carrier following the requirements of this rule, the petition shall not be deemed filed on the date of mailing or receipt by the commercial carrier unless the full amount of the required cost deposit for filing the petition, or properly executed pauper's affidavit, has also been mailed or received by the commercial carrier, conforming to the same requirements for mailing or receipt by the commercial carrier, or such cost deposit or affidavit is actually delivered to the Court Clerk within the time period for perfecting the appellate procedure. Matter of K. L. F., 1994 OK 66, 878 P.2d 1067; Okla.Sup.Ct.R. 1.23.

(e) Scope of Rule 1.4(c).

Rule 1.4(c) applies to petitions in error in appeals from the District Courts; petitions in error in appeals from the Corporation Commission, and other tribunals, including but not limited to, the Tax Commission, Banking Board, State Banking Commissioner, and the Court of Tax Review; to petitions to review decisions of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims in the Supreme Court; to petitions for certiorari to review opinions of the Court of Civil Appeals; to petitions for certiorari to review certified interlocutory orders of the District Courts; and to rehearing petitions to the Court of Civil Appeals as well as to the Supreme Court.

 

Rule 1.10: BRIEFS

No change to (a) (2)-(7); (b)-(f). 

(a) Time to File Briefs, Copies, Waiver of Brief, Filing in the Trial Court, and Dismissal for Failure to File.

(1) In All Appeals. In all appeals, except for those pursuant to Rule 1.36 and as otherwise provided by these Rules, the appellant, including any appellant on a co-appeal, shall file a Brief-in-chief in this Court within sixty (60) days from the date the Notice of Completion of Record is filed in the Supreme Court. The appellee shall file an Answer Brief within forty (40) days after the filing of the Brief-in-chief by the appellant. The appellant may file a Reply Brief within twenty (20) days after the filing of the Answer Brief by the appellee. The times to file briefs in appeals from tribunals other the District Court are set by rules for the specific appeals. For examples, see Rules 1.90, 1.119, 1.130, 1.143, 1.156, and 1.162. Briefing in review of a decision of the Workers' Compensation Commission or a decision of the Workers' Compensation Court of Existing Claims is governed by Rule 1.105.

Rule 1.25: PETITION IN ERROR AND RESPONSE TO PETITION IN ERROR

No changes to (b) and (d). 

(a) Form of Petition in Error.

The form of the petition in error shall comply with Rule 1.301 Form No.5.

For the Petition to Review Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims see Rule 1.301, Form No. 9.

(c) Response to Petition in Error, Entry of Appearance, and Notice.

Within twenty days after the petition in error is filed, appellee shall file a response to the petition in error with fourteen copies in the office of the Clerk of the Supreme Court. The response shall comply with Rule 1.301, Form No. 6. Appellee shall file an entry of appearance with the response. See Rule 1.5. A copy of the response shall be filed in the trial court and mailed to each party of record or to that party's counsel of record. Failure to respond within the time provided without good cause may result in sanctions by the Court.

For Response to Petition to Review Certified Interlocutory Order see Rule 1.301, Form No. 8. For Response to Petition to Review Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, see Rule 1.301, Form No. 10.

 

Rule 1.76: RECORD IN APPEALS FROM TRIBUNALS OTHER THAN THE DISTRICT COURT

No changes in (a), (c), (d), (e) or (g). 

(b) Designation, Definition, and Preparation of the Record on Appeal.

The record shall be prepared in the same manner (by conventional means, unless the OUCMS system capabilities and equipment exist for filing of such records by electronic means) as that prescribed for perfecting an appeal from a final judgment or final order of the district court, and it shall consist of the same materials as those set forth in Rule 1.33(d). Provided that:

1. The prohibition on designating the entire trial court record in appeals from District Courts does not apply to appeals from tribunals other than District Courts;

2. An appearance docket shall not be included in the record on appeal unless required by the Rules governing the specific appeal.

3. The Designation of Record shall be made using Rule 1.301, Form No. 15 for proceedings to review a decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. The Designation of Record shall be made using Rule 1.301, Form No. 16 for appeals from tribunals other than the District Courts. Form Nos. 15 and 16 shall not be used in the District Courts.

(f) Duties of Clerk, Time for Completion of Record, and Notice of Completion of Record.

The clerk or the secretary of the tribunal shall perform the duties prescribed for the clerk. The record shall be filed by conventional means, unless the OUCMS system capabilities and equipment exist for filing of such records by electronic means.

After a designation of the record is made, the clerk shall promptly assemble in chronological sequence all of the instruments on file which have been designated for inclusion in the record on appeal and all orders made in the tribunal with respect to the content of the transcript and assessment of cost. The instruments, numbered consecutively, indexed and bound, shall be certified under the seal of the clerk. All designations of record shall be included.

Unless a different time is prescribed by statute or rule specific for the type of appeal, the record shall be ready for transmission to this Court not later than six months from the date of the date of the judgment or order appealed from. If the designations do not require any part of the proceedings or evidence to be transcribed, the clerk shall immediately file a Notice of Completion of Record with this Court, notify the parties that the record on appeal has been completed, and that a Notice of Completion of Record has been filed with this Court.

Upon completion of the record on appeal the clerk of the tribunal shall:

I. file with the Clerk of this Court a Notice of Completion of Record on a form furnished by this court, stating that the record on appeal has been completed for transmission and;

II. notify all parties or their counsel when the record on appeal has been completed, is ready for transmission, and that a Notice of Completion of Record has been filed.

The clerk of the Workers' Compensation Commission or the Clerk of the Workers' Compensation Court of Existing Claims shall use Form No. 17, Rule 1.301, Notice of Completion of Record On Appeal, to satisfy Rule 1.76(f). The clerk or secretary of other tribunals shall use Form No. 18, Rule 1.301, Notice of Completion of Record On Appeal, to satisfy Rule 1.76(f). Form Nos. 17 and 18 apply to appeals from tribunals other than District Courts. Clerks of District Courts use Form No. 12 for Notice of Completion of Record.

Rule 1.77: OTHER RULES APPLICABLE

Unless specifically provided otherwise in any subsequent Part of these Rules the following provisions shall apply:

No change to (a), (b), or (c)

(d) The appeal shall be regarded as commenced by filing a petition in error (or a petition for review for Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims proceedings) with fourteen (14) copies with the Clerk of this Court within the time prescribed by rule or statute for the specific appeal, and remitting to the Clerk of the Supreme Court the cost deposit provided by statute, or if the appellant (petitioner) is an indigent, an affidavit in forma pauperis shall be filed concurrently with the petition in error. The additional time for filing a petition in error by mail granted by Rule 1.4(c) applies to petitions in error from District Courts, the Corporation Commission, and other tribunals. Rule 1.4(c) also applies to petitions to review decisions of the Worker's Compensation Commission or the Workers' Compensation Court of Existing Claims. Rule 1.4(e). Johnson v. Tony's Town Mister Quick, 1996 OK 138, 915 P.2d 355.

Title 12. Civil Procedure

Appendix 1 -- Oklahoma Supreme Court Rules

Article Part IV(c). Proceedings To Review A Decision Of The Workers' Compensation Commission or the Workers' Compensation Court Of Existing Claims 

Rule 1.100: MODE AND TIME OF COMMENCING PROCEEDINGS

(a) Decisions Reviewable, Time for Commencement, and Time to Pay Costs Mandatory.

(1) Decisions from the Workers' Compensation Court of Existing Claims. A decision of the trial judge or of the Workers' Compensation Court of Existing Claims en banc may be brought for review to this Court in compliance with 85 O.S. Supp. 2011 § 340. Carlock v. Workers' Compensation Commission, 2014 OK 29, 324 P.3d 408. The Rules in Part IV (a) of these Rules shall apply unless a Rule in Part IV(c) of these Rules provides otherwise.

(2) Decisions from the Workers' Compensation Commission. This Court does not have jurisdiction to consider a direct appeal from a ruling by the administrative law judge. Maddox v. Sooner Completions, Inc., 2105 OK 63, 374 P.3d 772. A decision of the Workers' Compensation Commission may be brought for review to this Court in compliance with 85 O.S. § 78. The Rules in Part IV (a) of these Rules shall apply unless a Rule in Part IV(c) of these Rules provides otherwise.

(b) The proceeding shall be commenced by:

(1) Filing a petition for review with fourteen (14) copies with the Clerk of this Court within twenty (20) days after a copy of the adverse decision shall have been sent to the parties affected, and

(2) Remitting to the Clerk of the Supreme Court the cost deposit provided by statute, or if the petitioner is an indigent, an affidavit in forma pauperis shall be filed concurrently with the petition in error. See Form No. 4.

(3) A petition for review will not be filed until the entire cost deposit, or a properly executed pauper's affidavit, is received by the Clerk of the Supreme Court. The cost deposit or pauper's affidavit must be received by the Clerk of the Supreme Court within the same twenty-day period for filing the petition for review for the tendered petition to be timely filed. A petition for review will be deemed filed when mailed in accordance with Rule 1.4. See Rules 1.4(e), 1.77(d). Johnson v. Tony's Town Mister Quick, 1996 OK 138, 915 P.2d 355.

(c) Dismissal of Proceeding When Other Party Filed Appeal to the en banc panel of the Workers' Compensation Court of Existing Claims

If one party should commence a proceeding in this Court to review a trial judge's decision from the Workers' Compensation Court of Existing Claims, and the opposite party subsequently should perfect a timely appeal from the same decision to the en banc panel of the Court of Existing Claims, the proceeding in this Court will be dismissed as prematurely brought. Dixon Brothers Lumber and Supply Co. v. Watson, 1960 OK 148, 353 P.2d 478.

(d) Cross or Counter Action to Review Same Decision.

A cross-action or counter-action or a separate proceeding to review the same decision shall be commenced within the same time and in like manner as the principal proceeding. Smith v. State Industrial Court, 1965 OK 179, ¶ 8, 408 P.2d 317, 320.

 

Rule 1.101: REQUISITES FOR PETITION FOR REVIEW

The proceeding shall be commenced by filing a petition for review and payment of costs within the time prescribed in Rule 1.100(a). The following instruments shall be attached to the petition for review and to each of its copies:

1. A certified copy of the decision sought to be reviewed, and

2. If the Decision to be reviewed is from the Workers' Compensation Commission, also attach a certified copy of the underlying decision of the administrative law judge; or

3. If the Decision to be reviewed is from the Workers' Compensation Court of Existing Claims en banc panel, also attach a certified copy of the underlying decision of the Judge of the Court.

On compliance with these requirements, the proceeding shall stand perfected and all parties to the proceeding in the tribunal as well as the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims shall be considered as parties to the appeal. Any defect in taking a proceeding, other than failure timely to file a petition for review or pay costs, must be disregarded unless a substantial right of the complaining party is affected, and no such defect, if correctable, shall result in dismissal of the appeal.

Rule 1.102: DESIGNATION OF PARTIES

All parties joining in the petition for review shall be designated as "petitioner". The Workers' Compensation Court Commission or the Workers' Compensation Court of Existing Claims and all other parties affected by the decision sought to be reviewed shall be joined in the appeal and designated as "respondent".

Rule 1.103: PETITION FOR REVIEW AND RESPONSE

The petition for review shall comply with Rule 1.301, Form No. 9. Within twenty days after the filing of the petitioner's petition for review in the Supreme Court, the respondent (other than the court) shall file a response in the Supreme Court. The response shall comply with Rule 1.301, Form No. 10. If a cross appeal is taken by respondent, in addition to the response, respondent must also file a petition for review in the same form prescribed for petitioner, and petitioner must file a response.

A petition for review shall be deemed amended to include errors set forth in the propositions in the Brief-in-chief provided that the errors or issues were presented to the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. Jackson v. Oklahoma Memorial Hospital, 1995 OK 112, ¶ 5, 909 P.2d 765, 768. Error may not be raised for the first time in a reply brief.

Rule 1.104: RECORD

No changes needed

Rule 1.105: BRIEFS

(a) Time.

The petitioner shall file a Brief-in-chief in this Court within twenty (20) days from the date of filing the Notice of Completion of Record (Rule 1.301, Form 17); the respondent shall file an Answer Brief within fifteen (15) days after the filing of the Brief-in-chief by the petitioner; the petitioner may file a Reply Brief within ten (10) days after the filing of the Answer Brief by respondent. The parties shall file a copy of each brief or waiver of brief with the clerk of the Workers' Compensation Commission or the clerk of the Workers' Compensation Court of Existing Claims within five days of filing in the Supreme Court.

(b) Form.

The form and content of the briefs must comply with Rules 1.10 and 1.11 for briefs on an appeal. See Rule 1.77(b).

(c) Copy to Attorney General.

A copy of all instruments and briefs filed in this Court shall be mailed to the Attorney General. Workers' compensation statutes are part of a public-law regulatory scheme. Young v. Station 27, Inc., 2017 OK 68, 404 P.3d 829, ¶20.

Rule 1.106: AGREED SETTLEMENT PENDING REVIEW

An agreed settlement may be approved by the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims while a petition for review is pending in this Court. The parties need not seek approval of the appellate court to pursue a joint settlement before the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. However, when the parties seek a joint settlement before the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, they shall file in the appellate court a joint motion to stay the appellate review proceeding for a period specified in the motion. The clerk of the Workers' Compensation Commission or the clerk of the Workers' Compensation Court of Existing Claims is responsible for filing, forthwith, a copy of the approved settlement, in this Court bearing the Supreme Court number. That filing shall constitute a dismissal of the pending review without further order of this Court.

Rule 1.193: Effectiveness of Judgment and Rehearing

In all original proceedings other than those to review a decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, or to impose bar discipline, the decision of this Court, unless it is stayed with or without bond, shall become effective when its opinion or order is filed with the clerk.

A petition for rehearing in an original jurisdiction proceeding is governed by Rule 1.13.

Rule 1.300: Required Forms

The forms provided in Part IX of these Rules are to be used in the District Courts, the Workers' Compensation Commission, the Workers' Compensation Court of Existing Claims, Court of Civil Appeals, and Supreme Court when required by the Rules of this Court.

 

Rule 1.301: Forms; Form No. 9

Petition for Review, Workers' Compensation Commission or Workers' Compensation Court of Existing Claims

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 ,
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 Petitioner,
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
 v.
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
 Supreme Court No.
 
 
  
 
 
 
 
  
 
 
  
 
 
 ,and
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 THE WORKERS' COMPENSATION
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 COMMISSION or THE WORKERS' COMPENSATIONCOURT OF EXISTING CLAIMS,
 
 
  
 
 
 )

 )

 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 Respondents.
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 

 

PETITION FOR REVIEW

A. WORKERS' COMPENSATION COMMISSION OR WORKERS' COMPENSATION COURT OF EXISTING CLAIMS HISTORY

Number and style of proceeding in the court: ___________________________________

Decision to be reviewed was rendered by: (Check one)

( ) The Workers' Compensation Commission, or

( ) The Workers' Compensation Court of Existing Claims en banc panel, or

( ) A Judge of the Court of Existing Claims

Date of filing of the decision to be reviewed ____________________

Date a copy of the decision was sent to the parties____________________

B. DISPOSITION IN THE WORKERS' COMPENSATION COMMISSION OR WORKERS' COMPENSATION COURT OF EXISTING CLAIMS

Nature of the decision to be reviewed ____________________________________

Relief sought: ______________________________________________________

Relief granted: _____________________________________________________

Attach a certified copy of the decision to be reviewed as exhibit "A";

If the Decision to be reviewed is from the Workers' Compensation Commission, also attach a certified copy of the underlying decision of the administrative law judge:

If the Decision to be reviewed is from the Workers' Compensation Court of Existing Claims en banc panel, also attach a certified copy of the underlying decision of the Judge of the Court.

C. BRIEF SUMMARY OF PROCEEDING

Exhibit "B" attached (not to exceed one 8 1/2 x 11" double spaced page).

D. ISSUES AND ERRORS PROPOSED TO BE RAISED ON APPEAL

Exhibit "C" attached. (Number and state with specificity each point urged as error.) (General assignments will not suffice.)

ANY RELATED OR PRIOR APPEALS? ____ YES ____ NO

(Identify by style, citation, if any, and Supreme Court Number.)

 
 
 
 Style
 
 
 Citation
 
 
 Supreme Court No.
 
 
 
 
 _________________________
 
 
 _________________________
 
 
 _________________________
 
 
 
 
 _________________________
 
 
 _________________________
 
 
 _________________________
 
 
 
 
 _________________________
 
 
 _________________________
 
 
 _________________________
 
 
 

 
 
 
 E. ATTORNEY FOR PETITIONER
 
 
 ATTORNEY FOR RESPONDENT
 
 
 
 
 Name:______________________________
 
 
 Name: :______________________________
 
 
 
 
 Firm: _______________________________
 
 
 Firm: _______________________________
 
 
 
 
 Address: ____________________________
 
 
 Address: ____________________________
 
 
 
 
 ____________________________________
 
 
 ____________________________________
 
 
 
 
 Telephone: __________________________
 
 
 Telephone: __________________________
 
 
 

(Give the name and address of the party if unrepresented)

Date: __________________, 20____

 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Verified by (Signature of Attorney or Pro Se Party)
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 OBA No.
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Firm
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Designated Case-Specific Email Address [if applicable]
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Secondary Email Address [if applicable]
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Address
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Telephone
 
 
 

CERTIFICATE OF FILING AND MAILING

I ___________________________, do hereby certify that on this _____ day of _________, 20_____, I filed with the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, a correct copy of the Petition for Review with attachment(s), and also mailed a copy with attachment(s) to each party to the proceeding or his counsel of record as follows:

[Names and addresses of all parties or counsel of record]

Office of the Attorney General

 

10. Response to Petition for Review, Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 ,
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 Petitioner,
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
 v.
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
 Supreme Court No.
 
 
  
 
 
 
 
  
 
 
  
 
 
 ,
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 and THE WORKERS' COMPENSATION COMMISSION or THE WORKERS' COMPENSATION
 
 
  
 
 
 )

 )

 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 COURT OF EXISTING CLAIMS,
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 Respondents.
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 

RESPONSE TO PETITION FOR REVIEW

A. If other than entire transcript is designated by petitioner, estimate number of additional pages needed: ____________________

B. Respondent's brief statement as to proceeding:

Exhibit "A" attached (not to exceed one 8 ½ x 11" double spaced page).

DATE: _______________, 20_____

 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Verified by (Signature of Attorney or Pro Se Party)
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 OBA No.
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Firm
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Designated Case-Specific Email Address [if applicable]
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Secondary Email Address [if applicable]
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Address
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Telephone
 
 
 

CERTIFICATE OF FILING AND MAILING

I ___________________________, do hereby certify that on this _____ day of __________, 20_____, I filed with the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, a correct copy of the Response to the Petition for Review in Error, and also mailed a copy to:

[Names and addresses of all parties or counsel of record]

Office of the Attorney General

_

15. Designation of Record for Review of A Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims

IN THE WORKERS' COMPENSATION COMMISSION or THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS
OF THE STATE OF OKLAHOMA

 
 
 
  
 
 
  
 
 
 ,
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 Claimant,
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
 v.
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 ,
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
 Case. No.
 
 
  
 
 
 .
 
 
 
 
  
 
 
 Respondent,
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 Insurance Carrier.
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 (If applicable)
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 

DESIGNATION OF RECORD FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION COMMISSION or THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS

_____ Designation of Record

_____ Counter-Designation of Record

_____ Amended Designation of Record

A. DESIGNATION OF RECORD AND TRANSCRIPTS

[Claimant or Respondent or Insurance Carrier] _________________ hereby designates the following for inclusion in the record for the Supreme Court's review in this case:

_

B. DATE, SIGNATURE, AND SERVICE BY COUNSEL OR PARTY

DATE: _______________, 20_____.

 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Signature (Signature of Attorney or Pro Se Party)
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Attorney for (Claimant, Respondent, or Insurance Carrier)
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 OBA No.
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Firm
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Address:
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 [include email address if applicable]
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
 Telephone
 
 
 

CERTIFICATE OF SERVICE

I, ____________________, hereby certify that in addition to filing the original Designation of Record with the Clerk of the Workers' Compensation Commission or the Clerk of the Workers' Compensation Court of Existing Claims, a copy of the foregoing Designation of Record was mailed this _____ day of __________ 20_____, to the following:

[Names and Addresses of all parties or their counsel of record]

Office of the Attorney General

 

17. Notice of Completion of Record for Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims

IN THE WORKERS' COMPENSATION COMMISSION OR THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS
OF THE STATE OF OKLAHOMA

 
 
 
  
 
 
 (Name of Claimant)
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 Claimant,
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
 Case No.__________
 
 
  
 
 
 
 
 v.
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
 (Names of Respondent(s))
 
 
  
 
 
 )
 
 
  
 
 
 Supreme Court No. __________
 
 
  
 
 
 
 
  
 
 
 Respondent(s).
 
 
  
 
 
 )
 
 
  
 
 
  
 
 
  
 
 
 

NOTICE OF COMPLETION OF WORKERS' COMPENSATION COMMISSION OR
THE WORKERS' COMPENSATION COURT OF
EXISTING CLAIMS RECORD FOR REVIEW BY SUPREME COURT

I certify that the record on appeal has been completed on this date and is ready for transmission to the Supreme Court, and that I have this date given notice in writing to that effect to all parties to the action, or to their counsel of record as listed below, by mailing a copy of this notice to them by First Class U.S. Mail.

Dated this __________ day of _______________, 20_____.

______________________________

(Name of Court Clerk), Court Clerk
Workers' Compensation Commission, or
(Name of Court Clerk), Court Clerk
Workers' Compensation Court of Existing Claims

Copies to:
Clerk of the Supreme Court
(Name of Claimant or Counsel of record).
(Names of Respondents or their counsel of record).
Office of Attorney General

 

 

EXHIBIT B

Rule 1.4: SUPREME COURT CLERK, FILINGS, MAILING, COPIES, AND NOTICE TO PARTIES

No changes to 1.4 (a), (b), (d), (f) or (g). 

(c) Petition in Error, Petition for Review of an Order a Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, Petition for Certiorari to the Court of Civil Appeals, Costs, and Mailing.

A petition in error, petition for review, or petition for certiorari may be filed either by delivery to the Clerk of the Supreme Court, or by deposit with the United States Postal Service, or by delivery with a third party commercial carrier, and addressed to the Clerk of the Supreme Court, Oklahoma Judicial Center, 2100 N. Lincoln Boulevard, Suite 4, Oklahoma City, OK, 73105, or Clerk of the Supreme Court, P.O. Box 53126, Oklahoma City, OK 73152. See Rule 1.4(e). When a petition is delivered to the Clerk for filing it must be delivered at the Office of the Clerk of the Supreme Court during regular office hours, Monday through Friday between 8:00 A.M. and 5:00 P.M., state holidays excluded, or as provided in the Rules for Electronic Filing in the Oklahoma Courts.

When a petition is delivered to the Clerk by the United States Postal Service, the date of mailing as shown by the postmark or other proof from the post office, such as the date stamped by the post office upon a certified mail receipt or post office tracking history, will be deemed to be the date of filing the petition. Whitehead v. Tulsa Public Schools, 1998 OK 71, 968 P.2d 1211. When a petition is mailed through the United States Postal Service, a postmark date from a privately owned postage meter or commercial postage meter label will not suffice as proof of the date of mailing and, in the absence of other proof of date of mailing from the United States Postal Service, a document bearing only such a postmark will be deemed filed upon date of delivery to the Clerk. The Court may require the party or person who mailed a petition to the court to provide proof from the United States Postal Service showing date of mailing. Online-printed postage from a United States Postal Service-Authorized PC Postage Provider will also not suffice in the absence of other proof of the date of mailing from the United States Postal Service.

When a petition is delivered to the Clerk by a third-party commercial carrier, the petition must be received by the carrier from the party on or before the last day the petition may be timely filed with the Clerk. The party must require the third-party commercial carrier to deliver the petition to the Supreme Court Clerk within three calendar days. The date the third-party commercial carrier receives the petition for delivery to the Supreme Court Clerk shall be deemed the date of filing with the Clerk when the third-party commercial carrier provides documentation with delivery to the Clerk showing the date the petition was received by the carrier. If the third-party commercial carrier does not provide the date the document was received by the carrier, the Court will require the person who sent the petition to submit a notarized statement or declaration in compliance with 12 O.S. § 426 setting out the details of the filing and stating that the filing took place on a particular date within the permitted time. Documentation of the date a petition is received by a third-party commercial carrier shall be by a document showing the actual date of receipt, and the date of receipt must be affixed or printed on the document by the third-party commercial carrier. A date of receipt on a document that may be affixed or printed thereon by anyone other than a third-party commercial carrier shall not be used as documentation of date of delivery to the carrier for the purposes of Rule 1.4.

The date a petition is mailed or date of receipt by a third-party commercial carrier shall be deemed the date of its filing only when it is mailed or received by the third-party commercial carrier in accordance with this rule, and when it is properly addressed to the Clerk of the Supreme Court and contains sufficient postage. Where a petition is mailed or delivered by third-party commercial carrier following the requirements of this rule, the petition shall not be deemed filed on the date of mailing or receipt by the commercial carrier unless the full amount of the required cost deposit for filing the petition, or properly executed pauper's affidavit, has also been mailed or received by the commercial carrier, conforming to the same requirements for mailing or receipt by the commercial carrier, or such cost deposit or affidavit is actually delivered to the Court Clerk within the time period for perfecting the appellate procedure. Matter of K. L. F., 1994 OK 66, 878 P.2d 1067; Okla.Sup.Ct.R. 1.23.

(e) Scope of Rule 1.4(c).

Rule 1.4(c) applies to petitions in error in appeals from the District Courts; petitions in error in appeals from the Corporation Commission, and other tribunals, including but not limited to, the Tax Commission, Banking Board, State Banking Commissioner, and the Court of Tax Review; to petitions to review orders decisions of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims in the Supreme Court; to petitions for certiorari to review opinions of the Court of Civil Appeals; to petitions for certiorari to review certified interlocutory orders of the District Courts; and to rehearing petitions to the Court of Civil Appeals as well as to the Supreme Court.

 

Rule 1.10: BRIEFS

No change to (a) (2)-(7); (b)-(f). 

(a) Time to File Briefs, Copies, Waiver of Brief, Filing in the Trial Court, and Dismissal for Failure to File.

(1) In All Appeals. In all appeals, except for those pursuant to Rule 1.36 and as otherwise provided by these Rules, the appellant, including any appellant on a co-appeal, shall file a Brief-in-chief in this Court within sixty (60) days from the date the Notice of Completion of Record is filed in the Supreme Court. The appellee shall file an Answer Brief within forty (40) days after the filing of the Brief-in-chief by the appellant. The appellant may file a Reply Brief within twenty (20) days after the filing of the Answer Brief by the appellee. The times to file briefs in appeals from tribunals other the District Court are set by rules for the specific appeals. For examples, see Rules 1.90, 1.119, 1.130, 1.143, 1.156, and 1.162. Briefing in review of a decision of the Workers' Compensation Commission or a decision of the Workers' Compensation Court of Existing Claims is governed by Rule 1.105.

Rule 1.25: PETITION IN ERROR AND RESPONSE TO PETITION IN ERROR

No changes to (b) and (d). 

(a) Form of Petition in Error.

The form of the petition in error shall comply with Rule 1.301 Form No.5.

For the Petition to Review Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims see Rule 1.301, Form No. 9.

(c) Response to Petition in Error, Entry of Appearance, and Notice.

Within twenty days after the petition in error is filed, appellee shall file a response to the petition in error with fourteen copies in the office of the Clerk of the Supreme Court. The response shall comply with Rule 1.301, Form No. 6. Appellee shall file an entry of appearance with the response. See Rule 1.5. A copy of the response shall be filed in the trial court and mailed to each party of record or to that party's counsel of record. Failure to respond within the time provided without good cause may result in sanctions by the Court.

For Response to Petition to Review Certified Interlocutory Order see Rule 1.301, Form No. 8. For Response to Petition to Review Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, see Rule 1.301, Form No. 10.

 

Rule 1.76: RECORD IN APPEALS FROM TRIBUNALS OTHER THAN THE DISTRICT COURT

No changes in (a), (c), (d), (e) or (g). 

(b) Designation, Definition, and Preparation of the Record on Appeal.

The record shall be prepared in the same manner (by conventional means, unless the OUCMS system capabilities and equipment exist for filing of such records by electronic means) as that prescribed for perfecting an appeal from a final judgment or final order of the district court, and it shall consist of the same materials as those set forth in Rule 1.33(d). Provided that:

1. The prohibition on designating the entire trial court record in appeals from District Courts does not apply to appeals from tribunals other than District Courts;

2. An appearance docket shall not be included in the record on appeal unless required by the Rules governing the specific appeal.

3. The Designation of Record shall be made using Rule 1.301, Form No. 15 for proceedings to review an order a decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. The Designation of Record shall be made using Rule 1.301, Form No. 16 for appeals from tribunals other than the District Courts. Form Nos. 15 and 16 shall not be used in the District Courts.

(f) Duties of Clerk, Time for Completion of Record, and Notice of Completion of Record.

The clerk or the secretary of the tribunal shall perform the duties prescribed for the clerk. The record shall be filed by conventional means, unless the OUCMS system capabilities and equipment exist for filing of such records by electronic means.

After a designation of the record is made, the clerk shall promptly assemble in chronological sequence all of the instruments on file which have been designated for inclusion in the record on appeal and all orders made in the tribunal with respect to the content of the transcript and assessment of cost. The instruments, numbered consecutively, indexed and bound, shall be certified under the seal of the clerk. All designations of record shall be included.

Unless a different time is prescribed by statute or rule specific for the type of appeal, the record shall be ready for transmission to this Court not later than six months from the date of the date of the judgment or order appealed from. If the designations do not require any part of the proceedings or evidence to be transcribed, the clerk shall immediately file a Notice of Completion of Record with this Court, notify the parties that the record on appeal has been completed, and that a Notice of Completion of Record has been filed with this Court.

Upon completion of the record on appeal the clerk of the tribunal shall:

I. file with the Clerk of this Court a Notice of Completion of Record on a form furnished by this court, stating that the record on appeal has been completed for transmission and;

II. notify all parties or their counsel when the record on appeal has been completed, is ready for transmission, and that a Notice of Completion of Record has been filed.

The clerk of the Workers' Compensation Commission or the Clerk of the Workers' Compensation Court of Existing Claims shall use Form No. 17, Rule 1.301, Notice of Completion of Record On Appeal, to satisfy Rule 1.76(f). The clerk or secretary of other tribunals shall use Form No. 18, Rule 1.301, Notice of Completion of Record On Appeal, to satisfy Rule 1.76(f). Form Nos. 17 and 18 apply to appeals from tribunals other than District Courts. Clerks of District Courts use Form No. 12 for Notice of Completion of Record.

Rule 1.77: OTHER RULES APPLICABLE

Unless specifically provided otherwise in any subsequent Part of these Rules the following provisions shall apply:

No change to (a), (b), or (c)

(d) The appeal shall be regarded as commenced by filing a petition in error (or a petition for review for Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims proceedings) with fourteen (14) copies with the Clerk of this Court within the time prescribed by rule or statute for the specific appeal, and remitting to the Clerk of the Supreme Court the cost deposit provided by statute, or if the appellant (petitioner) is an indigent, an affidavit in forma pauperis shall be filed concurrently with the petition in error. The additional time for filing a petition in error by mail granted by Rule 1.4(c) applies to petitions in error from District Courts, the Corporation Commission, and other tribunals. Rule 1.4(c) also applies to petitions to review decisions of the Worker's Compensation Commission or the Workers' Compensation Court of Existing Claims. Rule 1.4(e). Johnson v. Tony's Town Mister Quick, 1996 OK 138, 915 P.2d 355.

Title 12. Civil Procedure

Appendix 1 -- Oklahoma Supreme Court Rules

Article Part IV(c). Proceedings To Review A Decision Of The Workers' Compensation Commission or the Workers' Compensation Court Of Existing Claims 

Rule 1.100: MODE AND TIME OF COMMENCING PROCEEDINGS

(a) Decisions Reviewable, Time for Commencement, and Time to Pay Costs Mandatory.

(1) Decisions from the Workers' Compensation Court of Existing Claims. A decision of the trial judge or of the Workers' Compensation Court of Existing Claims en banc may be brought for review to this Court in compliance with 85 O.S. Supp. 2011 § 340. Carlock v. Workers' Compensation Commission, 2014 OK 29, 324 P.3d 408. The Rules in Part IV (a) of these Rules shall apply unless a Rule in Part IV(c) of these Rules provides otherwise.

(2) Decisions from the Workers' Compensation Commission. This Court does not have jurisdiction to consider a direct appeal from a ruling by the administrative law judge. Maddox v. Sooner Completions, Inc., 2105 OK 63, 374 P.3d 772. A decision of the Workers' Compensation Commission may be brought for review to this Court in compliance with 85 O.S. § 78. The Rules in Part IV (a) of these Rules shall apply unless a Rule in Part IV(c) of these Rules provides otherwise.

(b) The proceeding shall be commenced by:

(1) Filing a petition for review with fourteen (14) copies with the Clerk of this Court within twenty (20) days after a copy of the adverse decision shall have been sent to the parties affected, and

(2) Remitting to the Clerk of the Supreme Court the cost deposit provided by statute, or if the petitioner is an indigent, an affidavit in forma pauperis shall be filed concurrently with the petition in error. See Form No. 4.

(3) A petition for review will not be filed until the entire cost deposit, or a properly executed pauper's affidavit, is received by the Clerk of the Supreme Court. The cost deposit or pauper's affidavit must be received by the Clerk of the Supreme Court within the same twenty-day period for filing the petition for review for the tendered petition to be timely filed. A petition for review will be deemed filed when mailed in accordance with Rule 1.4. See Rules 1.4(e), 1.77(d). Johnson v. Tony's Town Mister Quick, 1996 OK 138, 915 P.2d 355.

(c) Dismissal of Proceeding When Other Party Filed Appeal to Tribunal En Banc the en banc panel of the Workers' Compensation Court of Existing Claims 

If one party should commence a proceeding in this Court to review a trial judge's decision from the Workers' Compensation Court of Existing Claims, and the opposite party subsequently should perfect a timely appeal from the same decision to the en banc panel of the Court of Existing Claims, the proceeding in this Court will be dismissed as prematurely brought. Dixon Brothers Lumber and Supply Co. v. Watson, 1960 OK 148, 353 P.2d 478.

(d) Cross or Counter Action to Review Same Decision.

A cross-action or counter-action or a separate proceeding to review the same decision shall be commenced within the same time and in like manner as the principal proceeding. Smith v. State Industrial Court, 1965 OK 179, ¶ 8, 408 P.2d 317, 320.

 

Rule 1.101: REQUISITES FOR PETITION FOR REVIEW

The proceeding shall be commenced by filing a petition for review and payment of costs within the time prescribed in Rule 1.100(a). The following instruments shall be attached to the petition for review and to each of its copies:

1. A certified copy of the decision sought to be reviewed, and
2. If the Decision to be reviewed is from the Workers' Compensation Commission, also attach a certified copy of the underlying decision of the administrative law judge:
3. If the Decision to be reviewed is from the Workers' Compensation Court of Existing Claims en banc panel, also attach a certified copy of the underlying decision of the Judge of the Court.

2. If the proceeding is brought by the employer or employer's insurance carrier from a decision awarding benefits to claimant, a certificate by the Clerk of the Workers' Compensation Court of Existing Claims stating that the party taking the appeal has on file an approved statutory bond. Smith v. State Industrial Court, 1965 OK 179, ¶ 8, 408 P.2d 317, 320. The certificate is required for the Clerk of the Supreme Court to accept the petition for filing. 

3. If the proceeding is brought by the employer or employer's insurance carrier from a decision of the Workers' Compensation Commission, awarding benefits to the claimant, no bond it required and the action is automatically stayed. 85 A O.S. 2014, §78. 

On compliance with these requirements, the proceeding shall stand perfected and all parties to the proceeding in the tribunal as well as the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims shall be considered as parties to the appeal. Any defect in taking a proceeding, other than failure timely to file a petition for review or pay costs, must be disregarded unless a substantial right of the complaining party is affected, and no such defect, if correctable, shall result in dismissal of the appeal.

Rule 1.102: DESIGNATION OF PARTIES

All parties joining in the petition for review shall be designated as "petitioner". The Workers' Compensation Court Commission or the Workers' Compensation Court of Existing Claims and all other parties affected by the decision sought to be reviewed shall be joined in the appeal and designated as "respondent".

Rule 1.103: PETITION FOR REVIEW AND RESPONSE

The petition for review shall comply with Rule 1.301, Form No. 9. Within twenty days after the filing of the petitioner's petition for review in the Supreme Court, the respondent (other than the court) shall file a response in the Supreme Court. The response shall comply with Rule 1.301, Form No. 10. If a cross appeal is taken by respondent, in addition to the response, respondent must also file a petition for review in the same form prescribed for petitioner, and petitioner must file a response.

A petition for review shall be deemed amended to include errors set forth in the propositions in the Brief-in-chief provided that the errors or issues were presented to the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. Jackson v. Oklahoma Memorial Hospital, 1995 OK 112, ¶ 5, 909 P.2d 765, 768 (Okla.1995). Error may not be raised for the first time in a reply brief.

Rule 1.104: RECORD

No changes needed

Rule 1.105: BRIEFS

(a) Time.

The petitioner shall file a Brief-in-chief in this Court within twenty (20) days from the date of filing the Notice of Completion of Record (Rule 1.301, Form 17); the respondent shall file an Answer Brief within fifteen (15) days after the filing of the Brief-in-chief by the petitioner; the petitioner may file a Reply Brief within ten (10) days after the filing of the Answer Brief by respondent. The parties shall file a copy of each brief or waiver of brief with the clerk of the Workers' Compensation Commission or the clerk of the Workers' Compensation Court of Existing Claims within five days of filing in the Supreme Court.

(b) Form.

The form and content of the briefs must comply with Rules 1.10 and 1.11 for briefs on an appeal. See Rule 1.77(b).

(c) Copy to Attorney General.

A copy of all instruments and briefs filed in this Court shall be mailed to the Attorney General. Workers' compensation statutes are part of a public-law regulatory scheme. Young v. Station 27, Inc, 2017 OK 68, 404 P.3d 829, ¶20. 

Rule 1.106: AGREED SETTLEMENT PENDING REVIEW

An agreed settlement may be approved by the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims while a petition for review is pending in this Court. The parties need not seek approval of the appellate court to pursue a joint settlement before the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. However, when the parties seek a joint settlement before the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, they shall file in the appellate court a joint motion to stay the appellate review proceeding for a period specified in the motion. The clerk of the Workers' Compensation Commission or the clerk of the Workers' Compensation Court of Existing Claims is responsible for filing, forthwith, a copy of the approved settlement order, in this Court bearing the Supreme Court number. That filing shall constitute a dismissal of the pending review without further order of this Court.

Rule 1.193: Effectiveness of Judgment and Rehearing

In all original proceedings other than those to review a decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, or to impose bar discipline, the decision of this Court, unless it is stayed with or without bond, shall become effective when its opinion or order is filed with the clerk.

A petition for rehearing in an original jurisdiction proceeding is governed by Rule 1.13.

Rule 1.300: Required Forms

The forms provided in Part IX of these Rules are to be used in the District Courts, the Workers' Compensation Commission, the Workers' Compensation Court of Existing Claims, Court of Civil Appeals, and Supreme Court when required by the Rules of this Court.

 

Rule 1.301: Forms; Form No. 9

Petition for Review: Workers' Compensation Commission or Workers' Compensation Court of Existing Claims

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

 
 
  
  
  
 
 )
 
  
  
  
 
 
  
  
 
 ,
 
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
  
  
  
 
 
  
 
 Petitioner,
 
  
 
 )
 
  
  
  
 
 
 
 v.
 
  
  
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
 
 No.
 
  
  
 
 
  
  
 
 ,and
 
 
 )
 
  
  
  
 
 
  
 
 THE WORKERS' COMPENSATION
 
  
 
 )
 
  
  
  
 
 
  
 
 COMMISSION or THE WORKERS' COMPENSATIONCOURT OF EXISTING CLAIMS,
 
  
 
 )

 )

 )
 
  
  
  
 
 
  
  
  
 
 )
 
  
  
  
 
 
  
 
 Respondents.
 
  
 
 )
 
  
  
  
 
 

PETITION FOR REVIEW

A. WORKERS' COMPENSATION COMMISSION OR WORKERS' COMPENSATION COURT OF EXISTING CLAIMS HISTORY

Number and style of proceeding in the court: ___________________________________

Decision to be reviewed was rendered by: (Check one)

( ) The Workers' Compensation Commission, or

( ) A Judge of the Court. The Workers' Compensation Court of Existing Claims en banc panel, or

( ) A Judge of the Court of Existing Claims

Date of filing of the decision to be reviewed? ____________________

Date a copy of the decision was sent to the parties? ____________________

If seeking a review of the decision of the court en banc, also give date of the decision by the trial judge: ____________________, and the date an appeal was brought to the tribunal en banc: ____________________ (Otherwise mark N/A).

B. DISPOSITION IN THE WORKERS' COMPENSATION COMMISSION OR WORKERS' COMPENSATION COURT OF EXISTING CLAIMS

Nature of the decision to be reviewed ____________________________________

Relief sought: ______________________________________________________

Relief granted: _____________________________________________________

Attach a certified copy of the decision to be reviewed as exhibit "A";

If the Decision to be reviewed is from the Workers' Compensation Commission, also attach a certified copy of the underlying decision of the administrative law judge: 

If the Decision to be reviewed is from the Workers' Compensation Court of Existing Claims en banc panel, also attach a certified copy of the underlying decision of the Judge of the Court.)

A copy of the clerk's certificate that the employer has an approved statutory bond on file with the court also is attached hereto ____ Yes ____ No

(Required only if review is sought by employer or insurance carrier from a decision awarding benefits to claimant).

C. BRIEF SUMMARY OF PROCEEDING

Exhibit "B" attached (not to exceed one 8 1/2 x 11" double spaced page).

D. ISSUES AND ERRORS PROPOSED TO BE RAISED ON APPEAL

Exhibit "C" attached. (Number and state with specificity each point urged as error.) (General assignments will not suffice.)

ANY RELATED OR PRIOR APPEALS? ____ YES ____ NO

(Identify by style, citation, if any, and Supreme Court Number.)

 
 
 
 Style
 
 
 Citation
 
 
 Supreme Court No.
 
 
 
 
 _________________________
 
 
 _________________________
 
 
 _________________________
 
 
 
 
 _________________________
 
 
 _________________________
 
 
 _________________________
 
 
 
 
 _________________________
 
 
 _________________________
 
 
 _________________________
 
 
 

 
 
 
 E. ATTORNEY FOR PETITIONER
 
 
 ATTORNEY FOR RESPONDENT
 
 
 
 
 Name:______________________________
 
 
 Name: :______________________________
 
 
 
 
 Firm: _______________________________
 
 
 Firm: _______________________________
 
 
 
 
 Address: ____________________________
 
 
 Address: ____________________________
 
 
 
 
 ____________________________________
 
 
 ____________________________________
 
 
 
 
 Telephone: __________________________
 
 
 Telephone: __________________________
 
 
 

(Give the name and address of the party if unrepresented)

Date: __________________, 20____

 
 
  
  
  
 
 
  
  
 
 Verified by (Signature of Attorney or Pro Se Party)
 
 
 
  
  
  
 
 
  
  
 
 OBA No.
 
 
 
  
  
  
 
 
  
  
 
 Firm
 
 
 
  
  
  
 
 
  
  
 
 Designated Case-Specific Email Address [if applicable]
 
 
 
  
  
  
 
 
  
  
 
 Secondary Email Address [if applicable]
 
 
 
  
  
  
 
 
  
  
 
 Address
 
 
 
  
  
  
 
 
  
  
 
 Telephone
 
 
 

CERTIFICATE OF FILING AND MAILING

I ___________________________, do hereby certify that on this _____ day of _________, 20_____, I did cause to be filed with the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, a correct copy of the Petition for Review with attachment(s), and also mailed a copy with attachment(s) to each party to the proceeding or his counsel of record as follows:

[Names and addresses of all parties or counsel of record]
Office of the Attorney General

 

10. Response to Petition for Review: Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

 
 
  
  
  
 
 )
 
  
  
  
 
 
  
  
 
 ,
 
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
  
  
  
 
 
  
 
 Petitioner,
 
  
 
 )
 
  
  
  
 
 
 
 v.
 
  
  
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
  
 
 Supreme Court No.
 
  
 
 
  
  
 
 ,
 
 
 )
 
  
  
  
 
 
  
 
 and THE WORKERS' COMPENSATION COMMISSION or THE WORKERS' COMPENSATION
 
  
 
 )

 )

 )
 
  
  
  
 
 
  
 
 COURT OF EXISTING CLAIMS,
 
  
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
  
  
  
 
 
  
 
 Respondents.
 
  
 
 )
 
  
  
  
 
 

RESPONSE TO PETITION FOR REVIEW

A. If other than entire transcript is designated by petitioner, estimate number of additional pages needed: ____________________

B. Respondent's brief statement as to proceeding:

Exhibit "A" attached (not to exceed one 8 ½ x 11" double spaced page).

DATE: _______________, 20_____

 
 
  
  
  
 
 
  
  
 
 Verified by (Signature of Attorney or Pro Se Party)
 
 
 
  
  
  
 
 
  
  
 
 OBA No.
 
 
 
  
  
  
 
 
  
  
 
 Firm
 
 
 
  
  
  
 
 
  
  
 
 Designated Case-Specific Email Address [if applicable]
 
 
 
  
  
  
 
 
  
  
 
 Secondary Email Address [if applicable]
 
 
 
  
  
  
 
 
  
  
 
 Address
 
 
 
  
  
  
 
 
  
  
 
 Telephone
 
 
 

CERTIFICATE OF FILING AND MAILING

I ___________________________, do hereby certify that on this _____ day of __________, 20_____, I did cause to be filed with the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims, a correct copy of the Response to the Petition for Review in Error, and also mailed a copy to:

[Names and addresses of all parties or counsel of record]
Office of the Attorney General

 

15. Designation of Record for Review of An Order A Decision of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims

IN THE WORKERS' COMPENSATION COMMISSION or THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS
OF THE STATE OF OKLAHOMA

 
 
  
  
 
 ,
 
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
  
  
  
 
 
  
 
 Claimant,
 
  
 
 )
 
  
  
  
 
 
 
 v.
 
  
  
 
 )
 
  
  
  
 
 
  
  
 
 ,
 
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
 
 W.C.C. Case No.
 
  
 
 .
 
 
 
  
 
 Respondent,
 
  
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
  
  
  
 
 
  
  
  
 
 )
 
  
  
  
 
 
  
 
 Insurance Carrier.
 
  
 
 )
 
  
  
  
 
 
  
 
 (If applicable)
 
  
 
 )
 
  
  
  
 
 

DESIGNATION OF RECORD FOR REVIEW OF AN ORDER A DECISION
OF THE WORKERS' COMPENSATION COMMISSION or THE WORKERS' 
COMPENSATION COURT OF EXISTING CLAIMS

_____ Designation of Record

_____ Counter-Designation of Record

_____ Amended Designation of Record

A. DESIGNATION OF RECORD AND TRANSCRIPTS

[Claimant or Respondent or Insurance Carrier] _________________ hereby designates the following for inclusion in the record for the Supreme Court's review in this case:

B. DATE, SIGNATURE, AND SERVICE BY COUNSEL OR PARTY

DATE: _______________, 20_____.

 
 
  
  
  
 
 
  
  
 
 Signature (Signature of Attorney or Pro Se Party)
 
 
 
  
  
  
 
 
  
  
 
 Attorney for (Claimant, Respondent, or Insurance Carrier)
 
 
 
  
  
  
 
 
  
  
 
 OBA No.
 
 
 
  
  
  
 
 
  
  
 
 Firm
 
 
 
  
  
  
 
 
  
  
 
 Address:
 
 
 
  
  
  
 
 
  
  
  
 
 
  
  
 
 [include email address if applicable]
 
 
 
  
  
  
 
 
  
  
 
 Telephone
 
 
 

CERTIFICATE OF SERVICE

I, ____________________, hereby certify that in addition to filing the original Designation of Record with the Clerk of the Workers' Compensation Commission or the Clerk of the Workers' Compensation Court of Existing Claims, a copy of the foregoing Designation of Record was mailed this _____ day of __________ 20_____, to the following:

[Names and Addresses of all parties or their counsel of record]
Office of the Attorney General

 

17. Notice of Completion of Record for Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims

IN THE WORKERS' COMPENSATION COMMISSION OR THE WORKERS' 
COMPENSATION COURT OF EXISTING CLAIMS
OF THE STATE OF OKLAHOMA

 
 
  
 
 (Name of Claimant)
 
  
 
 )
 
  
  
  
  
 
 
  
 
 Claimant,
 
  
 
 )
 
  
  
  
  
 
 
  
  
  
 
 )
 
  
  
 
 W.C.C. Case No.__________
 
  
 
 
 
 v.
 
  
  
 
 )
 
  
  
  
  
 
 
  
  
  
 
 )
 
  
  
  
  
 
 
  
 
 (Names of Respondent(s))
 
  
 
 )
 
  
  
 
 Supreme Court No. __________
 
  
 
 
  
 
 Respondent(s).
 
  
 
 )
 
  
  
  
  
 
 

NOTICE OF COMPLETION OF WORKERS' COMPENSATION COMMISSION OR
THE WORKERS' COMPENSATION COURT OF
EXISTING CLAIMS RECORD FOR REVIEW BY SUPREME COURT

I certify that the record on appeal has been completed on this date and is ready for transmission to the Supreme Court, and that I have this date given notice in writing to that effect to all parties to the action, or to their counsel of record as listed below, by mailing a copy of this notice to them by First Class U.S. Mail.

Dated this __________ day of _______________, 20_____.

______________________________

(Name of Court Clerk), Court Clerk
Workers' Compensation Commission, or 
(Name of Court Clerk), Court Clerk
Workers' Compensation Court of Existing Claims

Copies to:
Clerk of the Supreme Court
(Name of Claimant or Counsel of record).
(Names of Respondents or their counsel of record).
Office of Attorney General

FOOTNOTES

I recommend that we delete any reference to an appeal bond for either the CEC or the Commission, as well as this footnote. Title 85 O.S. § 340(D) (repealed) required an employer or its insurer appealing an award to post a bond as a condition of the appeal, and the petition for review had to contain a certificate from the Clerk of the Workers' Compensation Court that the bond had been filed. Appeals to the Workers' Compensation Court of Existing Claims is now governed by 85A O.S. 2014, §400 (M), without specific mention of a bond, but with reference to prior law based on the date of injury. Also, an exception existed under prior law for cases where a petitioner's lack of financial strength to secure an appeal bond was not contradicted, and the petitioner sought Supreme Court review to challenge a jurisdictional finding of the Workers' Compensation Court that the petitioner was the claimant's employer. Brown v. Burkett, 1988 OK 13, ¶ 1, 750 P.2d 481, 483 (basing exception on right to open access to courts under Art. 2, § 6, Okla. Const.) "The mandatory bond provision's sole purpose is to secure the claimant's award." ¶8 The legislature has omitted all reference to posting a bond in the administrative act, 85A O.S. 2014, §78.